ATTORNEY FOR APPELLANT

James H. Young
Young & Young
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana
Indianapolis, Indiana

Robert Wagner
A. Richard M. Blaiklock
Stephanie L. Cassman
Lewis Wagner, LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICI CURIAE

DEFENSE TRIAL COUNSEL OF IND.

James D. Johnson
Rudolph, Fine, Porter, Johnson, LLP
Evansville, Indiana

Donald B. Kite, Sr.
Dean, Webster, Wright & Kite, LLP
Indianapolis, Indiana

Christine M. Marcuccilli
Rothberg Logan & Warsco, LLP
Fort Wayne, Indiana

IND. TRIAL LAWYERS ASSOC.

Mark A. Scott
King & Scott, LLP
Kokomo, Indiana

Susan W. Rempert
Tabor Law Firm
Indianapolis, Indiana

INSURANCE INSTITUTE OF IND. INC.

Bryan H. Babb
Kelly M. Scanlan
Bose McKinney & Evans, LLP
Indianapolis, Indiana

In the

# Indiana Supreme Court

_____

No. 49S05-0805-CV-216

JAMES BUTLER AS PERSONAL REPRESENTATIVE
     OF THE ESTATE OF NONDIS JANE BUTLER, DECEASED,           *Plaintiff/Appellant,*

v.

INDIANA DEPARTMENT OF INSURANCE AS ADMINISTRATOR
     OF THE PATIENTS COMPENSATION FUND, AND
CLARIAN HEALTH PARTNERS, INC.           *Defendants/Appellees.*

_____

Appeal from the Marion Superior Court, No. 49D04-0512-CT-49754
The Honorable Cynthia Ayers, Judge

_____

On Transfer from the Indiana Court of Appeals, No. 49A05-0612-CV-742

_____

**April 7, 2009**

**Dickson, Justice.**

     We hold that, under the statute governing actions for the wrongful death of unmarried adult

persons with no dependents, Ind. Code § 34-23-1-2 (1999), in the event medical providers issue statements of charges for medical, hospital, or other health care services but thereafter accept a reduced amount in full satisfaction of the charges due to contractual arrangements with the patient's health insurers, Medicare, or Medicaid, the amount recoverable for reasonable medical and hospital expenses necessitated by the alleged wrongful conduct is the total amount ultimately accepted after such contractual adjustments, not the total of charges billed.

The facts are undisputed. Nondis Jane Butler, an unmarried adult, initiated a claim for medical negligence against Clarian Health Partners, Inc. and several individual health care providers pursuant to the Indiana Medical Malpractice Act. Before her claim was resolved, she died leaving no dependants. Her estate ("the Estate") continued to pursue the claim as a wrongful death action. As to Clarian's liability under the Malpractice Act, the Estate and Clarian settled in December 2005 for "$250,000.00 in a structured fashion," Appellant's App'x at 26, ¶5, thus enabling the Estate to proceed with the balance of its claim for damages against the Indiana Patient Compensation Fund.[1] The Fund's administrator, the Indiana Department of Insurance, is the principal defendant here ("the Fund").

The Fund sought partial summary judgment claiming that the Estate is entitled to recover only the expenses the decedent and her estate actually incurred for medical services rather than the total amount of medical bills received. The Estate filed a cross motion seeking the converse. The parties then entered into a written factual stipulation that the necessary medical services to the decedent resulted in bills from the providers totaling $410,062.46, of which $122,161.18 was paid by (a) the decedent or her estate ($25,979.75),[2] (b) the decedent's insurer ($9,971.73), (c) Medicare ($85,313.78), and (d) Medicaid ($895.92).[3] The parties also entered into a partial settlement whe-

---

[1] *See* Ind. Code § 34-18-6-1 to -7.

[2] The parties' stipulation states that the decedent or her estate paid $25,979.75, but the trial court found the amount to be $2,229.75. Appellant's App'x at 7, ¶6. Neither the record nor the parties' appellate briefs challenge or explain this discrepancy. The trial court's reference to the $287,901.28 in dispute, however, necessarily resulted from using the $25,979.75 amount stated in the stipulation.

[3] The stipulation expressly declined to resolve the issue of whether these expenses were relevant or admissible. Appellant's App'x at 60, ¶6.

2

reby the Fund would pay the Estate $188,046.88[4] to settle all damage claims against the Fund except the Estate's claims for "additional medical expenses that were not paid but were billed" to the decedent or the Estate. Appellant's App'x at 64, ¶2 (Partial Settlement Agreement). The Estate agreed that it had "satisfied or will satisfy and discharge all liens or claims" on the settlement proceeds. *Id.* at 65, ¶ 9. Although neither the stipulation nor the Partial Settlement Agreement explicitly provide, the parties do not dispute the trial court's conclusion that all medical providers have been fully paid for their services to the decedent, and that the amount paid to the providers was not the amount billed "but a reduced amount . . . based on agreements with the decedent's insurer, Medicare, and Medicaid." *Id.* at 8, ¶ 10-11. Likewise the parties do not challenge the trial court's findings that the difference between the bills received and the payments made for medical services, which the plaintiff seeks in damages, would not be used to pay for medical services for the decedent. *Id.* at 8, ¶ 12-13.[5] The trial court approved the agreement, Appellant's App'x at 4, which provided that the trial court "will continue to hear evidence and arguments to determine the matter of the reasonable medical and hospital expenses necessitated by the negligent act of [Clarian], which resulted in the death of [plaintiff's decedent], over and above, if any, the amount agreed upon and paid herein," Appellant's App'x at 64, ¶4. The remaining issue thus presented by the Fund's motion for summary judgment was the legal question of whether the Estate was entitled to receive the difference between the total medical expenses charged and the total payments accepted in full satisfaction of the claims by the medical providers. The remaining issues before the trial court as to the Estate's motion for summary judgment were, first, the same legal issue, and second, in the event it prevailed, the factual issue of how much in damages it was entitled to receive beyond the agreed settlement amount.

---

[4] This is $65,885.38 more than the $122,161.38 total paid in full satisfaction of the medical and hospital services to the plaintiff's decedent. It appears that $50,000 of this difference represents damages for loss of love and companionship. Such $50,000, coupled with the $250,000 structured settlement from Clarian, equals the $300,000 statutory maximum recovery for loss of "the adult person's love and companionship" under the wrongful death statute, Ind. Code § 34-23-1-2(e). *See* Appellant's App'x at 9, ¶ 15 (Finding of Fact); *id.* at 37 (Plaintiff's Summary Judgment Brief); and Br. of Appellee at 3.

[5] The record does not disclose whether, and if so to what extent, contractual subrogation obligations or other liens apply to require the Estate to repay the decedent's insurer, Medicare, or Medicaid, nor the extent to which any such repayment obligations have been resolved. We note that counsel for the Estate argued at trial that "Medicare has subrogation interests that they'll be making, whatever right that is." Appellee's App'x at 71.

3

Following a bench proceeding that considered the pleadings, the stipulation, two affidavits, and the parties' briefs and arguments, Judge Ayers issued thoughtful and extensive findings of fact and conclusions of law and entered judgment for the Fund, concluding that the Estate "is not entitled to recover $287,901.28 for medical bills that have been received by the Plaintiff," *id*. at 16, ¶ 36, and that it was not entitled to recover "for medical bills that it will not have to pay," *id*. at 20, that is, the difference between the total of medical bills received and the amounts actually paid and accepted as full satisfaction by the medical providers. The trial court's final judgment represented its disposition of the parties' opposing motions for summary judgment, granting the Fund's motion and denying that of the Estate. The Court of Appeals affirmed. Butler v. Ind. Dep't of Ins., 875 N.E.2d 235 (Ind. Ct. App. 2007). We granted transfer.

The Estate's appeal presents two contentions: (1) recovery for reasonable and necessary medical expenses under the applicable wrongful death statute was erroneously limited to the amounts paid and should instead include the total amounts billed; and (2) the trial court erred in admitting evidence of amounts paid by the decedent's private insurance coverage, Medicare, and Medicaid, contrary to the Indiana Collateral Source Statute. The latter issue is moot, however, in light of the parties' Partial Settlement Agreement declaring the parties' agreement on issues "except for any claims for additional medical expenses that were not paid but were billed to the decedent and/or Estate," and that the trial court would "determine the matter of the reasonable medical necessitated by the negligent act . . . over and above, if any, the amount agreed upon and paid herein." Appellant's App'x at 64, ¶¶ 2, 4. Thus only the Estate, not the Fund, had any further obligation to present evidence to establish the amount of damages appropriate to the resolution of the disputed legal question. The Estate's claim that the trial court incorrectly admitted evidence showing the amounts actually paid and accepted for the decedent's medical expenses is therefore irrelevant, and we address only the first contention in the Estate's appeal.[6]

The Estate contends that the statute allows for recovery of reasonable and necessary medical expenses whether they were paid or not. The Fund argues that the plain language of the statute permits recovery only for expenses actually paid.

---

[6] Issues related to the Collateral Source Statute are before this Court in Stanley v. Walker, 888 N.E.2d 222 (Ind. Ct. App. 2008), in which transfer has been granted.

4

Indiana Code § 34-23-1-2, the statute governing actions for the wrongful death of unmarried adult persons without dependents, delineates the available damages as follows:

> (c) In an action to recover damages for the death of an adult person, the damages:
>
> > . . . .
> > (2) may not include:
> > > (A) damages award for a person's grief; or
> > > (B) punitive damages; and
> > (3) may include *but are not limited to* the following:
> > > (A) *Reasonable* medical, hospital, funeral and burial *expenses necessitated* by the wrongful act or omission that caused the adult person's death.
> > > (B) Loss of the adult person's love and companionship.
> (d) Damages awarded under subsection (c)(3)(A) for medical, hospital, funeral, and burial *expenses* inure to the exclusive benefit of the adult person's estate *for the payment of the expenses*. The remainder of the damages inure to the exclusive benefit of a nondependent parent or nondependent child of the adult person.

I.C. § 34-23-1-2(c), (d) (emphases added).

The Estate emphasizes the statutory language referring to "reasonable" expenses and the open-ended phrase "but are not limited to." Citing several cases, the Estate correctly asserts that in common law tort actions Indiana has long recognized that a plaintiff may recover the reasonable *value* of medical services, regardless of whether the plaintiff is personally liable for them or whether they were rendered gratuitously. Under well-established principles of Indiana tort law, the extent of recovery by an injured plaintiff for medical expenses depends not upon what the plaintiff paid for such services but rather their reasonable value. Brosnan v. Sweetser, 127 Ind. 1, 9, 26 N.E. 555, 557 (1891); *see also* Penn. Co. v. Marion, 104 Ind. 239, 3 N.E. 874 (1885) (gratuitous medical services); City of Indianapolis v. Gaston, 58 Ind. 224 (Ind. 1877) (same); Herrick v. Sayler, 160 F. Supp. 25, 27-30 (N.D. Ind. 1958) (collecting cases and finding it "apparent that the law of Indiana will allow a plaintiff in a personal injury action to recover . . . the reasonable and fair value of medical expenses"). And Indiana Evidence Rule 413 provides that bills for medical diagnosis and treatment are deemed "prima facie evidence that the charges are reasonable."

The present case, however, does not present a common law claim but rather arises as a statutory cause of action that the common law did not recognize. At common law, there was no right to recover damages for a death resulting from the tortious acts of another. Bolin v. Wingert, 764

5

N.E.2d 201, 203 (Ind. 2002); Durham v. U-Haul Int'l, 745 N.E.2d 755, 758 (Ind. 2001). Because this statute is in derogation of the common law, we must construe its provisions narrowly. State Farm Fire & Cas. Co. v. Structo Div., King Seeley Thermos Co., 540 N.E.2d 597, 598 (Ind. 1989); Ind. State Highway Comm'n v. Morris, 528 N.E.2d 468, 474 (Ind. 1988). This is true even if the statutory enactment creates remedies not available at common law. *See* Shake v. Bd. of Comm'rs, 1 N.E.2d 132, 133 (Ind. 1936) (holding that "[s]tatutes creating rights not given by the common law are strictly construed"). In particular, such a statute is to be construed "strictly *against the expansion* of liability." Bolin, 764 N.E.2d at 207 (emphasis added).

When interpreting a statute that is unambiguous, courts must give it its clear and plain meaning. *Id.* at 204. "If a statute is unambiguous, we may not interpret it, but must give the statute its clear and plain meaning." Elmer Buchta Trucking, Inc. v. Stanley, 744 N.E.2d 939, 942 (Ind. 2001). "Where the statute is unambiguous, the Court will read each word and phrase in [its] plain, ordinary, and usual sense, without having to resort to rules of construction to decipher meanings." Porter Dev., LLC v. First Nat'l Bank, 866 N.E.2d 775, 778 (Ind. 2007).

We find the language in Section 2(c)(3)(A) to be unambiguous. It specifies that damages are allowable for "[r]easonable medical, hospital . . . expenses necessitated by" the wrongful conduct that caused the death. The statutory language does not employ the common law standard to generally authorize recovery for the reasonable *value* of medical care and treatment. Nor is the scope of permissible damages merely "reasonable expenses," which in conjunction with Evidence Rule 413 could be understood to include the total amounts billed. Rather, the language of this statutory wrongful death action authorizes recovery only of reasonable medical "expenses necessitated" by another's wrongful conduct. Where charges for medical services are initially billed but thereafter settled for a lower amount pursuant to agreements with health insurers or government agencies, the difference is not a "necessitated" expense.

This conclusion is not affected by the introductory language of Subsection (c)(3), which states that damages "may include but are not limited to the following." This open-ended phrase permits recovery of damages other than those items designated in subsections (c)(3)(A) and (c)(3)(B), but does not direct the expansion of the circumscribed damages defined within (A) and

6

(B).  The "include but not limited to" phrase does not expand the class of such necessitated expenses.

We hold that, with respect to damages pursuant to Indiana Code § 34-23-1-2(c)(3)(A), when medical providers provide statements of charges for health care services to the decedent but thereafter accept a reduced amount adjusted due to contractual arrangements with the insurers or government benefit providers, in full satisfaction the charges, the amount recoverable under the statute for the "[r]easonable medical . . . expenses necessitated" by the wrongful act is the portion of the billed charges ultimately accepted pursuant to such contractual adjustments.

We affirm the trial court's grant of summary judgment in favor of the Fund.

Shepard, C.J., and Sullivan, Boehm, and Rucker, JJ., concur.