ATTORNEYS FOR APPELLANT
Elizabeth H. Knotts
Rori L. Goldman
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
INDIANA STATE MEDICAL ASSOCIATION
Thomas J. Costakis
Libby Y. Mote
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steven L. Langer
Tara M. Wozniak
Valparaiso, Indiana



**FILED**

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S04-0806-CV-344

JIM ATTERHOLT, COMMISSIONER OF
THE INDIANA DEPARTMENT OF INSURANCE,
AS ADMINISTRATOR OF THE INDIANA
PATIENT'S COMPENSATION FUND,

*Appellant (Defendant below),*

v.

GENEVA HERBST, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
JEFFREY A. HERBST, DECEASED,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49D07-0511-PL-045446
The Honorable Gerald Zore, Judge

On Petition for Rehearing

**June 15, 2009**

**Boehm, Justice.**

Under circumstances spelled out in the Indiana Medical Malpractice Act, the Act limits the liability of a health care provider and permits recovery of excess damages from the Patient's

Compensation Fund. In this case, our original opinion summarized our holding as follows:

> when a claimant seeks excess damages from the Patient's Compensation Fund after obtaining a judgment or settlement from a health care provider in a medical malpractice case, the Fund may introduce evidence of the claimant's preexisting risk of harm if it is relevant to establish the amount of damages, even if it is also relevant to liability issues that are foreclosed by the judgment or settlement.

Atterholt v. Herbst, 902 N.E.2d 220, 220–21 (Ind. 2009).

Plaintiff has petitioned for rehearing, contending that our opinion incorrectly states that its holding applies to cases tried to judgment as well as to claims that have been settled by agreement between the plaintiff and the health care provider or its insurer. Plaintiff contends that ordinary principles of collateral estoppel and finality render any judgment reached after trial conclusive as to the amount of damages and therefore our holding should be limited to cases where the Fund is free to contest the award of damages by reason of the provisions contained in the Act that expressly authorize the Fund to contest petitions for "excess damages." These provisions, by their terms, are limited to cases settled by agreement. Ind. Code § 34-18-15-3 (2004).

In this case, because the underlying case was settled, the damages remained subject to objection by the Fund. We agree with plaintiff that in the ordinary case the amount of damages awarded by a judgment after trial is conclusive as to this issue. Johnson v. St. Vincent Hosp., Inc., 273 Ind. 374, 400, 404 N.E.2d 585, 602 (1980). We did not intend to imply that the issue necessarily or even frequently remains open after a trial. We were not presented in this case with the question under what circumstances, if any, an issue as to the extent of the Fund's liability may be left unresolved by a judgment in the underlying medical malpractice case. We express no opinion on that issue. Our opinion is restricted solely to the evidentiary question whether, if the extent of the Fund's liability is in issue, the Fund may offer evidence relevant to the extent of damage which may include the patient's risk of harm that preexisted the alleged malpractice.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.