Ronald HILLEBRAND, Appellant–Plaintiff,

v.

The SUPERVISED ESTATE OF Charlotte Fern LARGE, Appellee–Defendant.

No. 70A01–0902–CV–72.

Court of Appeals of Indiana.

Oct. 13, 2009.

John O. Worth, Worth Law Office, Rushville, IN, Rodney V. Taylor, Michael A. Beason, Christopher & Taylor, Indianapolis, IN, Attorneys for Appellant.

Julie A. Newhouse, Newhouse & Newhouse, Rushville, IN, Attorney for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Plaintiff, Ronald Hillebrand (Hillebrand), appeals the trial court's Order on Petition for Instruction and Request for Additional Attorney's Fees and Additional Personal Representative Fees in favor of Appellee–Defendant, the Supervised Estate of Charlotte Fern Large (the Estate), which directs attorney fees to be deducted from the wrongful death settlement.

We affirm.

### ISSUE

Hillebrand raises one issue on appeal, which we restate as: Whether the trial court erred in ordering attorney fees to be awarded from the proceeds of a wrongful death action.

### FACTS AND PROCEDURAL HISTORY

On April 9, 2006, Charlotte Fern Large (Large) died as a result of a motor vehicle accident. On April 13, 2006, the probate court admitted Large's last will and testament to probate and appointed a personal representative to administer her Estate. A wrongful death action was pursued by the counsel appointed by the personal representative to the Estate and on February 28, 2008, a settlement was mediated. The settlement agreement provided that $12,016.72 will be deposited into Large's Estate and $47,983.28 will be paid to Hillebrand as Large's beneficiary in the wrongful death cause. Hillebrand is Large's sole surviving child.

Subsequently, on March 12, 2008, the counsel appointed by the personal representative to pursue the wrongful death claim filed her Request for Attorney Fees and Personal Representative Fees with the probate court. Counsel requested the fees to "be paid from the entire settlement recovery." (Appellant's App. p. 15). Hillebrand objected to the payment of the fees from the wrongful death proceeds. On August 12, 2008, the probate court conducted a hearing and entered its Order on November 14, 2008. In its Order on Petition for Instruction and Request for Additional Attorney's Fees and Additional Personal Representative's Fees, the probate court decreed "that the attorney fees ...

in the amount of $6,545.50 for pursuing the wrongful death action be deducted from the wrongful death settlement." (Appellant's App. p. 6).

Hillebrand now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Hillebrand contends that the trial court erred in ordering counsel for Large's estate to be paid out of the wrongful death settlement funds. Specifically, he maintains that pursuant to Indiana Code section 34–23–1–2(d), the proceeds from an adult wrongful death settlement, after payment of reasonable medical, hospital, funeral, and burial expenses, inure to the exclusive benefit of the nondependent child of the decedent. On the other hand, the Estate argues that because the personal representative of the Estate is entitled to pursue the wrongful death cause and employ counsel, it necessarily follows that the attorney will be compensated from the settlement. To be sure, it should be emphasized that Hillebrand does not contest that the personal representative can appoint an attorney to pursue the wrongful death claim; rather, the only issue raised is whether the Estate can charge the attorney fees incurred in the pursuit of the wrongful death claim against the settlement funds instead of being paid from the probate estate.

To bolster their respective argument, both parties rely on the same statutory provision. Concerning death from wrongful act or omission, Indiana Code section 34–23–1–2 provides, in pertinent part,

(c) In an action to recover damages for the death of an adult person, the damages:

(1) must be in an amount determined by a:

(A) court; or

(B) jury:

(2) may not include:

(A) damages awarded for a person's grief or

(B) punitive damages; and

(3) may include but are not limited to the following:

(A) reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful act or omission that caused the adult person's death.

(B) Loss of the adult person's love and companionship.

(d) Damages awarded under subsection (c)(3)(A) for medical, hospital, funeral, and burial expenses inure to the exclusive benefit of the adult person's estate for the payment of the expenses. The remainder of the damages inure to the exclusive benefit of a nondependent parent or nondependent child of the adult person.

Accordingly, our decision today necessarily turns on our interpretation of statutory provisions. The interpretation of a statute is a question of law reserved for the courts. *Sec. Trust Corp. v. Estate of Fisher ex rel. Roy*, 797 N.E.2d 789, 792 (Ind.Ct.App.2003), *trans. denied*. We review questions of law under a *de novo* standard, and we owe no deference to a trial court's legal conclusions. *Id.* Our main objective in statutory construction is to determine, effect and implement the intent of the legislature. *Id.* at 793. In interpreting a statute, we will read the statute as a whole, attempting to give effect to all provisions so that no section is held meaningless if it can be reconciled with the rest of the statute. *Id.*

In that light, we also have to consider Indiana Code section 34–23–1–1 (emphasis added), the section preceding the section relied upon by the parties, which provides,

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. *If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable hospitalization or hospital services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to a funeral director or funeral home for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees.*

■ No cause of action for wrongful death existed at common law. *Chamberlain v. Walpole*, 822 N.E.2d 959, 961 (Ind. 2005). The wrongful death statute upon which this action is based is in derogation of the common law, and thus the statute's provisions are strictly construed. *See Durham v. U–Haul Int'l*, 745 N.E.2d 755, 759 (Ind.2001), reh'g denied. Comparing both sections side-by-side, it appears that the Legislature only provided for the reimbursement of attorney fees in the situation where the decedent dies without leaving any widow or widower, dependents, or dependent next of kin. In this regard, the Legislature expressly stipulated in I.C. § 34–23–1–1 that attorney fees and the estate's administrative fees should be reimbursed from the settlement's proceeds. No such provision exists when the decedent dies leaving a widow or widower, dependents or dependent next of kin.

In support of their respective positions as to whether the attorney fees should be borne by the estate or the wrongful death settlement, both parties direct our attention to *Vollmar by Vollmar v. Rupright*, 517 N.E.2d 1240 (Ind.Ct.App.1988). Vollmar, an heir of the estate, sued the person-

al representative to set aside a contingent fee award approved by the trial court to be paid to the estate's attorneys out of the proceeds of a settlement in a wrongful death action brought on behalf of the heirs by the personal representative. *Id.* at 1243. Vollmar contended that the fee arrangement, which had not been presented to the probate court for approval until after the wrongful death settlement action had been agreed upon, was invalid. *Id.* at 1244. In our analysis of the reasonableness of the contingent fee arrangement, we rejected Vollmar's argument and held that, depending on the circumstances, an heir may be bound by a contingent fee arrangement entered into between a personal representative and the estate's attorneys. *Id.* at 1245–46. However, in dicta, we noted that attorney's fees incurred by the personal representative in pursuing the wrongful death actions and in defending a recovery should be paid from those monies recovered by the Estate before division, *i.e.*, from the total sum recovered prior to division among the beneficiaries. *Id.* at 1247.

Relied upon by the *Vollmar* court, but not directly cited by the parties, is an earlier opinion issued by this court in the case of *Thomas v. Eads*, 400 N.E.2d 778 (Ind.Ct.App.1980), *reh'g denied.* In *Thomas*, we faced a wrongful death action arising out of a fatal automobile collision in which an unmarried mother died immediately and her only dependent, her infant son, died one-half hour later. *Id.* at 779. The trial court granted Thomas' motion for summary judgment with respect to limiting the recovery of damages in the infant's estate to reasonable medical, hospital, funeral, and burial expenses related to his injuries and death, including the reasonable attorney fees. *Id.* However, after denying the same motion with respect to

mother's estate, Thomas appealed and argued that because the infant died prior to the commencement of the action for the wrongful death of mother, the child did not survive the mother and that, as a consequence, the damages recoverable by mother's estate are limited. *Id.* at 780. Focusing on the legislative history of the damage provisions included in I.C. § 34–1–1–2,[1] the *Thomas* court noted in a footnote that even though the statute does not expressly include attorney fees as recoverable damages in case the decedent leaves dependents or next of kin, attorney fees are nevertheless included in this list of damages. *Id.* at 782 n. 4.

■ Although we are not in the habit of deciding cases in footnotes and a footnote's legal value is merely dicta at best, we agree with the reasoning followed in *Thomas.* Both sections of the wrongful death act list the damages as "may include but are not limited to the following." *See* I.C. §§ 34–23–1–1; –2(c)(3). Because this list of recoverable damages in a wrongful death action is expressly illustrative and not exclusive, we interpret the statute to allow in every situation—regardless whether the decedent leaves a widow or widower, dependents or dependent next of kin—the recovery of the reasonable costs of administering the decedent's estate and prosecuting or compromising the action, including attorney fees. We also follow *Thomas* by concluding that the Legislature intended any damages recovered for the costs of administering the decedent's estate or prosecuting or compromising the action to inure to the exclusive benefit of the estate for the payment of such costs. *See Thomas*, 400 N.E.2d at 783 n. 5. Thus, as attorney fees are to be treated similar to the "reasonable medical, hospital, funeral, and burial expenses," the costs are to

---

**1.** Indiana Code section 34–1–1–2 is now Indiana Code section 34–23–1–1.

be taken from the settlement proceeds for the exclusive benefit of the estate and the estate is responsible for their payment.

We therefore hold today that the damages awarded in a wrongful death action may include the reasonable attorney fees necessary to pursue the action, and these damages inure to the exclusive benefit of the estate for the payment of such costs. The remainder of the damages inure to the exclusive benefit of a nondependent parent or nondependent child of the decedent in accordance with I.C. § 34–23–1–2(d). As a result, here, because the settlement already allocated the funds which inure to the exclusive benefit of the Estate for payment of the expenses, we direct that the attorney fees also be paid out of the $12,016.72 that was expressly allocated to the Estate.

### CONCLUSION

Based on the foregoing, we find that attorney fees in a wrongful death action pursuant to I.C. § 34–23–1 are included in the reasonable damages that can be recovered in the action and inure to the exclusive benefit of the estate for the payment of these expenses.

Affirmed.

BAKER, C.J., and FRIEDLANDER, J., concur.