Jeffery H. McCABE, As Representative of the Estate of Jean Francis McCabe, Decedent, Appellant–Petitioner,

v.

COMMISSIONER, INDIANA DEPARTMENT OF INSURANCE AS ADMINISTRATOR OF the INDIANA PATIENT'S COMPENSATION FUND, Appellee–Respondent.

No. 49A02–0908–CV–728.

Court of Appeals of Indiana.

July 20, 2010.

Transfer Granted Oct. 21, 2010.

---

Gloria J. Danielson, Ladendorf & Ladendorf, Indianapolis, IN, Attorney for Appellant.

Susan E. Cline, Lewis Wagner, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Appellant–Petitioner, Jeffery H. McCabe, as Representative of the Estate of Jean Francis McCabe, decedent ("McCabe"), appeals the trial court's grant of partial summary judgment in favor of Commissioner, Indiana Department of Insurance as Administrator of the Indiana Patient's Compensation Fund ("the Fund"), in which the trial court found that attorney fees and expenses incurred by the attorney representing the personal representative of a wrongful death estate are not recoverable damages under Indiana's Adult Wrongful Death Statute ("AWDS").

We affirm.

### Facts and Procedural History

On or about October 1, 2003, Jean Francis McCabe ("Jean") died from an overdose of methotrexate negligently administered to her by medical providers of the long term care facility where she resided. At the time of her death, Jean was an unmarried adult without dependents. McCabe is her only child and nondependent son.

On December 17, 2003, McCabe filed a Proposed Complaint with the Indiana Department of Insurance pursuant to the

Indiana Medical Malpractice Act ("the MMA"), Ind.Code § 34–18–1–1, *et seq.* The parties to the underlying action completed the administrative requirements of the MMA and presented the matter to a medical review panel. Shortly thereafter, the long term care facility settled all claims with McCabe for an amount which would allow further proceedings against the Fund.[1]

On September 23, 2008, McCabe, as the personal representative of his mother's Estate, filed his Petition to Determine Amount of Excess Damages against the Fund. Through discovery, McCabe clarified that in addition to seeking recovery for the loss of his mother's love and companionship, medical expenses, funeral and burial expenses, he also sought repayment of costs and expenses, including attorney fees, for the administration of the wrongful death estate and prosecution of the wrongful death claim.

On April 7, 2009, the Fund filed a Motion for Partial Summary Judgment on the issue of recoverable damages. By its motion, the Fund sought to limit the recovery of damages to those specifically allowed under the AWDS. On May 21, 2009, the trial court conducted a hearing on the Fund's motion. On June 17, 2009, the trial court issued its ruling, concluding that at-torney fees, costs and expenses were not recoverable under the AWDS.

On July 9, 2009, McCabe contemporaneously filed a motion to reconsider and a motion to certify for interlocutory appeal with the trial court. While the trial court denied the motion to reconsider, it certified its Order for interlocutory appeal. On October 14, 2009, we accepted jurisdiction of the interlocutory appeal. Additional facts will be provided as necessary.

## Standard of Review

This cause comes before this court as an appeal from a grant of partial summary judgment. Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *First Farmers Bank & Trust Co. v. Whorley*, 891 N.E.2d 604, 607 (Ind.Ct.App.2008), *trans. denied.* We must therefore determine whether there is a genuine issue of material fact and whether the trial court has correctly applied the law. *Id.* at 607–08. In doing so, we consider all of the designated evidence in the light most favorable to the non-moving party. *Id.* at 608. The party appealing

---

1. Under the Indiana Medical Malpractice Act, the total recovery in a medical malpractice action is limited to $1,250,000.00 per injury or death. The Act caps a health care provider's malpractice liability at $250,000.00 per occurrence if the provider maintains sufficient insurance and pays the required surcharge to the Fund. I.C. §§ 34–18–3–1, –14–3(b). The Fund is financed by the surcharges collected from providers throughout the state and pays "excess damages." *Atterholt v. Herbst*, 902 N.E.2d 220, 222 (Ind.2009), *clarified on reh'g*, 907 N.E.2d 528 (Ind.2009). Recovery of excess damages from the Fund is allowed only after a health care provider or the provider's insurer has paid the first $250,000.00 or made a settlement in which the sum of the present cash payment and cost of future periodic payments exceeds $187,000.00. *Id.; see also* I.C. § 34–18–14–4(b). Multiple providers' cash payments and contributions to a periodic payments agreement are aggregated for purposes of the $187,000.00 requirement. *Id.; see also* I.C. § 34–18–14–4(c). If the Fund and the claimant cannot agree on the amount to be paid from the Fund, the trial court must hold a hearing to determine the amount for which the Fund is liable. *Id.; see also* I.C. § 34–18–15–3(4)–(5).

the grant of summary judgment has the burden of persuading this court that the trial court's ruling was improper. *Id.*

■ Here, the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com, Inc. v. Dreyer & Reinbold, Inc.,* 816 N.E.2d 40, 48 (Ind.Ct.App. 2004). However, such findings offer this court valuable insight into the trial court's rationale for its judgment and facilitate appellate review. *See id.*

### Discussion and Decision

The issue before us is one of first impression. Indiana has three separate causes of action for the wrongful death of an individual, a general wrongful death statute ("GWDS"), a statute pertaining to the wrongful death of children ("CWDS") and the AWDS, a statute pertaining to the wrongful death of adults. The important difference among them for the purposes of this appeal is that, although the GWDS and the CWDS specifically provide for reasonable attorney fees, the AWDS is silent on the matter. McCabe now requests this court to construe the AWDS by way of statutory interpretation as to provide for the inclusion of reasonable attorney fees.

■ "At common law, a cause of action was extinguished by the death of the plaintiff." *Durham v. U–Haul Int'l* 745 N.E.2d 755, 758 (Ind.2001). Because the victim was viewed as the only person wronged by a negligent killing, a defendant whose negligence caused the plaintiff's death was insulated from liability. *Id.* "This inequity gave rise to wrongful death statutes, first in England in 1846, and soon thereafter in every United States jurisdiction." *In re Estate of Pickens v. Pickens,* 255 Ind. 119, 125–26, 263 N.E.2d 151, 155 (1970). Thus, the wrongful death action is

entirely a creature of statute. *Durham,* 745 N.E.2d at 758. Indiana's wrongful death statute was first adopted in 1852, revised in 1881, and has since been amended on nine different occasions, most recently in 1998. *Id.*

Over the years, Indiana has codified three different circumstances in which a wrongful death claim may be asserted, depending upon the status of the decedent. The GWDS, the original wrongful death statute until the two more recent enactments, addresses two scenarios: the first, where a decedent dies leaving a surviving widow or widower, dependent children, or dependent next of kin; and the second where there are no survivors but there are costs and expenses associated with the death that require payment to service providers from the proceeds of the wrongful death action. Specifically, the GWDS, enacted at Indiana Code section 34–23–1–1, provides

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she, as the case may be, lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclu-

sive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonably hospitalization services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to the funeral director or funeral home for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney's fees.

In 1987, the Legislature enacted the CWDS, which provides recovery for loss of services and loss of companionship and affection in a circumstance where an unmarried individual without dependents, under the age of 20—or 23 if enrolled in an institution of higher education—dies as a result of a wrongful act or omission of another. *See* I.C. ch. 34–23–2. The CWDS provides for the recovery of the following damages:

(f) In an action to recover for the death of a child, the plaintiff may recover damages:

(1) for the loss of the child's services;

(2) for the loss of the child's love and companionship; and

(3) to pay the expenses of:

(A) health care and hospitalization necessitated by the wrongful act or omission that caused the child's death;

(B) the child's funeral and burial;

(C) the reasonable expense of psychiatric and psychological counseling incurred by a surviving parent or minor sibling of the child that is required because of the death of the child;

(D) uninsured debts of the child, including debts for which a parent is obligated on behalf of the child; and

(E) the administration of the child's estate, including reasonable attorney's fees.

I.C. § 34–23–2–1.

In *Miller v. City of Hammond*, 691 N.E.2d 1310 (Ind.Ct.App.1998), we addressed whether non-dependent parents could recover damages for the wrongful death of their twenty-three-year old unmarried adult son, who was not enrolled in an institution of higher education. Based on the wrongful death statutes applicable at the time, we ruled that the Millers were not dependent, and therefore, not entitled to recover under the GWDS for their pecuniary loss. *Id.* at 1313.

The following year, in 1999, and in response to *Miller*, the General Assembly

enacted the AWDS to allow recovery for the wrongful death of an adult like Miller. The AWDS provides in pertinent part:

(a) As used in this section, "adult person" means an unmarried individual:

(1) who does not have any dependents; and

(2) who is not a child (as defined in [I.C. § ] 34–23–2–1).

(b) If the death of an adult person is caused by the wrongful act or omission of another person, only the personal representative of the adult person may maintain an action against the person whose wrongful act or omission caused the death of the adult person.

(c) In an action to recover damages for the death of an adult person, the damages:

(1) must be in an amount determined by a:

(A) court; or

(B) jury;

(2) may not include:

(A) damages awarded for a person's grief; or

(B) punitive damages; and

(3) may include but are not limited to the following:

(A) reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful act or omission that caused the adult person's death.

(B) Loss of the adult person's love and companionship.

(d) Damages awarded under subsection (c)(3)(A) for medical, hospital, funeral, and burial expenses inure to the exclusive benefit of the adult person's estate for the payment of the expenses. The remainder of the damages inure to the exclusive benefit of a nondependent par-

ent or nondependent child of the adult person.

I.C. § 34–23–1–2.

It is clear that the GWDS and the CWDS explicitly provide for the option of recovery of reasonable attorney fees, yet, the AWDS does not do so. Despite the lack of language in the AWDS permitting the recovery of reasonable attorney fees, McCabe argues that the open-ended phase "may include but are not limited to" in subsection (c)(3) of the AWDS should be interpreted to allow recovery of reasonable attorney fees.

Accordingly, our decision today necessarily turns on our interpretation of statutory provisions. The interpretation of a statute is a question of law reserved for the courts. *Sec. Trust Corp. v. Estate of Fisher ex rel. Roy,* 797 N.E.2d 789, 792 (Ind.Ct.App.2003), *trans. denied.* We review questions of law under a de novo standard, and we owe no deference to a trial court's legal conclusions. *Id.* "Our main objective in statutory construction is to determine, effect and implement the intent of the legislature." *Id.* at 793. In interpreting a statute, we will read the statute as a whole, attempting to give effect to all provisions so that no section is held meaningless if it can be reconciled with the rest of the statute. *Id.* However, because the wrongful death statutes are in derogation of the common law, we must construe their provisions narrowly. *Butler v. Ind. Dep't of Ins.,* 904 N.E.2d 198, 202 (Ind.2009). Specifically, wrongful death statutes must also "be construed 'strictly *against the expansion* of liability.'" *Id.* (citing *Bolin v. Wingert,* 764 N.E.2d 201, 203 (Ind.2002) (emphasis in original)).

Initially, we address McCabe's reliance on our court's decision in *Hillebrand v. Supervised Estate of Large,* 914 N.E.2d 846 (Ind.Ct.App.2009). In that case, a panel of our court considered whether rea-

sonable attorney fees should be paid from the probate estate of the decedent or from the proceeds of a settlement agreement entered into to end litigation of the wrongful death claim filed as a result of the decedent's death. Relying on *Thomas v. Eads*, 400 N.E.2d 778, 782 n. 4 (Ind.Ct. App.1980), the *Hillebrand* panel observed that "the *Thomas* court noted in a footnote that even though the statute does not expressly include attorney fees as recoverable damages in the case the decedent leaves dependents or next of kin, attorney fees are nevertheless included in this list of damages." *Hillebrand,* 914 N.E.2d at 850.

The panel expanded the *Thomas* Court's reasoning to both the GWDS and AWDS. *Id.* at 850. As such, the *Hillebrand* panel stated:

> Both sections of the wrongful death act list the damages as "may include but are not limited to the following." *See* I.C. §§ 34–23–1–1; –2(c)(3). Because this list of recoverable damages in a wrongful death action is expressly illustrative and not exclusive, we interpret the statute to allow in every situation-regardless whether the decedent leaves a widow or widower, dependents or dependent next of kin-the recovery of the reasonable costs of administering the decedent's estate and compromising the action, including attorney fees.

*Id.* Turning to the limited issue presented in *Hillebrand,* the panel concluded that the costs of administering the decedent's estate or prosecuting or compromising the action "are to be taken from the settlement proceeds for the exclusive benefit of

the estate and the estate is responsible for their payment." *Id.* at 851.

We are not persuaded by McCabe's reliance on *Hillebrand* because it is distinguishable from the case before us for at least two reasons. First, *Hillebrand* is a probate case deciding from which probate assets attorney fees incurred in obtaining a wrongful death settlement should be paid. Second, the *Thomas v. Eads* analysis that the *Hillebrand* court cited as persuasive precedes both the CWDS and the statute before us in this case, the AWDS. Ultimately, for the reasons expressed below, we disagree with the *Hillebrand* panel's conclusion that reasonable attorney fees are recoverable under the AWDS.

Recently, in *Butler v. Indiana Department of Insurance,* our supreme court considered the subsection (c)(3) language of the AWDS,[2] stating that damages "may include but are not limited to the following" and concluded:

> This open-ended phrase permits recovery of damages other than those items designated in subsections (c)(3)(A) and (c)(3)(B), but does not direct the expansion of the circumscribed damages defined within (A) and (B). The "include but not limited to" phrase does not expand the class of such necessitated expenses.

904 N.E.2d at 202–03.

McCabe correctly notes that the *Butler* Court observed that the phrase "may include but not limited to" allows for the recovery of damages not specifically enumerated in the AWDS. Further, we acknowledge McCabe's argument that the General Assembly could have explicitly precluded the recovery of reasonable at-

---

**2.** The issue presented in *Butler* was whether, under the AWDS, the amount recoverable for reasonable medical and hospital expenses necessitated by the alleged wrongful conduct is the total of the charges billed or the total amount ultimately accepted by the medical providers in full satisfaction of the charges due to contractual arrangements with the patient's insurers, Medicare or Medicaid.

torney fees in subsection (c)(2) of the AWDS which specifically enumerates certain damages which are excluded from recovery.

However, the *Butler* Court limited its holding allowing for recovery of damages not specifically provided for in the AWDS when it stated that the phrase at issue "does not direct the expansion of the circumscribed damages defined" in the AWDS. Importantly, the court concluded that the "include but not limited to" language *"does not expand* the class of such necessitated expenses." *Id.* at 203 (emphasis added). We believe that allowing the recovery of attorney fees under the AWDS would do just that, expand the circumscribed damages defined by the General Assembly.

McCabe argues that our court should hold otherwise because allowing for the recovery of reasonable attorney fees and expenses would produce a harmonious result between the GWDS, AWDS, and CWDS. As is noted above, the GWDS and the CWDS unambiguously allow recovery of attorney fees and expenses for the administration of the wrongful death estate, while the AWDS does not. While we acknowledge that this inconsistency is troubling, we believe such inconsistency is the result of public policy considerations that are the prerogative of the General Assembly.

"[C]laims for the death of a person must be brought under either the Child Wrongful Death Act, the Adult Wrongful Death Act, or the general Wrongful Death Act." *See Bush v. State Farm Mut. Auto. Ins. Co.,* 905 N.E.2d 1003, 1008 (Ind.2009). These statutes provide disjunctive remedies and each statute applies to a specific class of decedents. The disjunctive nature of these remedies does not compel recovery of reasonable attorney fees under the AWDS to reach a "harmonious result" between all three wrongful death statutes. Unless and until the AWDS is amended to mirror the CWDS and the GWDS, we can only conclude that the General Assembly clearly intended to disallow claims for attorney fees under the AWDS.

Our conclusion that the language of subsection (c)(3) does not compel the recovery of reasonable attorney fees and expenses under the AWDS is also consistent with the general rule that wrongful death statutes must "be construed 'strictly *against the expansion* of liability.'" *Butler,* 904 N.E.2d at 202 (emphasis in original). Finally, this strict construction is consistent with the "American Rule" concerning the payment of attorney's fee, which is followed in Indiana, and requires each party to pay his or her own attorney fees absent an agreement between the parties, statutory authority, or rule to the contrary. *See Fackler v. Powell* 891 N.E.2d 1091 (Ind.Ct. App.2008), *trans. denied.*

### Conclusion

For all of these reasons, we conclude that attorney fees and expenses incurred by the personal representative's attorney are not recoverable damages under the Adult Wrongful Death Statute, and therefore, the trial court's grant of partial summary judgment in favor of the Fund is hereby affirmed.

Affirmed.

BRADFORD, J., concurs.

RILEY, J., dissents with opinion.

RILEY, Judge, dissenting with separate opinion.

I respectfully dissent from the majority's decision affirming the trial court's grant of partial summary judgment in favor of the Fund. Although, as noted by the majority, the specific issue raised today has not been previously decided, we

are not completely without guidance in interpreting the open-ended phrase "but are not limited to" included in the AWDS. One of the earliest cases analyzing this language is *Estate of Kuba v. Ristow Trucking Co., Inc.*, 508 N.E.2d 1, 2 (Ind. 1987), where our supreme court responded to the Seventh Circuit's certified question whether treble damages are available under the wrongful death statute. Analyzing the wrongful death statute applicable in the case—at that time, the GWDS—our supreme court stated

> The damages now recoverable for wrongful death are those specified by statute, namely reasonable medical, hospital, funeral and burial expenses, and lost earnings, and those included by judicial interpretation. While the wrongful death statute does include the phrase "but not limited to," this language can not be broadly construed to permit any perceivable damage claim to be available in a wrongful death action. The "loss" recoverable by a claimant must be of the same genre as those enumerated in the statute. The loss must evolve from a deprivation to a survivor as a result of the death and the value assigned is measured by the value of that loss.

> \*     \*     \*

> Damages recoverable under the wrongful death statute thus serve a compensatory goal. The damages which are not expressly enumerated in the statute, but are nevertheless deemed recoverable, arise strictly from the individual relationship between the decedent and a survivor.

3. The two paragraphs together read as follows

> We find the language in Section 2(c)(3)(A) to be unambiguous. It specified that damages are allowable for "[r]easonable medical, hospital ... expenses necessitated by" the wrongful conduct that caused the death.

*Id.* Based on this clarification, the supreme court concluded that because the treble damage statute is punitive in nature, imposing a greater amount of damages than those actually incurred due to the violation of a criminal statute, a recovery for treble damages is adverse to the provisions of the wrongful death statute. *Id.*

More recently, our supreme court reiterated this interpretation in *Butler v. Ind. Dept. of Ins.*, 904 N.E.2d 198, 203 (Ind. 2009), where the court answered negatively whether an estate in a wrongful death action is entitled to recover the difference between the medical expenses billed and amount accepted by medical providers pursuant to a contractual agreement. In reaching this conclusion, the *Butler* court evaluated the introductory language of Subsection (c)(3) of the AWDS, which states that damages "may include but are not limited to the following" and found that

> [t]his open-ended phrase permits recovery of damages other than those items designated in subsections (c)(3)(A) and (c)(3)(B), but does not direct the expansion of the circumscribed damages defined within (A) and (B). The "include but not limited to" phrase does not expand the class of such necessitated damages.

*Id.*

The majority and I clearly part ways with the interpretation of the final sentence in this quote. Read within the context of the issue raised in *Butler* and the paragraph immediately preceding this quote,[3] it is clear that our supreme court

> The statutory language does not employ the common law standard to generally authorize recovery for the reasonable *value* of medical care and treatment. Nor is the scope of permissible damages merely "reasonable expenses," which in conjunction with Evidence Rule 413 could be under-

intended that the enumerated classes of expenses referenced in subsections (C)(3)(A) and (B), which are necessitated by the wrongful act or omission, cannot be expanded beyond a "reasonable" expense as was argued by Butler. Our supreme court explicitly and very clearly reiterated that the open-ended phrase only refers to damages other than those items already enumerated in sections (A) and (B) and cannot influence or expand the amount of damages already specified within these sections.

Thus, based on the *Estate of Kuba and Butler*, our supreme court deems the AWDS to allow damages which are not expressly enumerated in the statute, provided the damages compensate those who have sustained pecuniary loss by the decedent's death.

While not explicitly held as such, in *Hillebrand v. Supervised Estate of Large*, 914 N.E.2d 846, 848 (Ind.Ct.App.2009), we have already included reasonable attorney fees as recoverable damages in the AWDS. In *Hillebrand*, this court was faced with the issue whether reasonable attorney fees should be paid from the probate estate or from the settlement agreement in pursuit of the wrongful death claim. Relying on *Thomas v. Eads*, 400 N.E.2d 778, 782 n. 4 (Ind.Ct.App.1980), *reh'g denied*, we indicated in *Hillebrand* that "the *Thomas* court noted in a footnote that even though the statute does not expressly include attorney fees as recoverable damages in the

case the decedent leaves dependents or next of kin, attorney fees are nevertheless included in this list of damages." *Id.* at 850. Recognizing a footnote's legal value, we nevertheless found *Thomas'* analysis persuasive and we expanded its reasoning to both the GWDS and AWDS. *Id.* at 850. As such, we stated in dicta that

> Both sections of the wrongful death act list the damages as "may include but are not limited to the following." *See* I.C. §§ 34–23–1–1; –2(c)(3). Because this list of recoverable damages in a wrongful death action is expressly illustrative and not exclusive, we interpret the statute to allow in every situation-regardless whether the decedent leaves a widow or widower, dependents or dependent next of kin-the recovery of the reasonable costs of administering the decedent's estate and compromising the action, including attorney fees.

*Id.*

Turning to the issue presented to us in *Hillebrand*, we concluded that the costs of administering the decedent's estate or prosecuting or compromising the action "are to be taken from the settlement proceeds for the exclusive benefit of the estate and the estate is responsible for their payment." *Id.* at 851.

In light of the *Estate of Kuba, Butler*, and *Hillebrand*, I would hold that reasonable attorney fees are recoverable damages under the AWDS. While the AWDS does not list every damage recoverable, its

stood to include the total amounts billed. Rather, the language of this statutory wrongful death action authorizes recovery only of reasonable medical "expenses necessitated" by another's wrongful conduct. Where charges for medical services are initially billed but thereafter settled for a lower amount pursuant to agreements with health insurers or government agencies, the difference is not a "necessitated" expense. This conclusion is not affected by the introductory language of Subsection (c)(3),

which states that damages "may include but are not limited to the following." This open-ended phrase permits recovery of damages other than those items designated in subsections (c)(3)(A) and (c)(3)(B), but does not direct the expansion of the circumscribed damages defined within (A) and (B). The "include but not limited to" phrase does not expand the class of such necessitated expenses.

*Butler*, 904 N.E.2d at 202–03.

open-ended phrase "may include but are not limited to" is not without boundaries but rather is restricted by the nature of the damages which the survivor proposes to recover in the action. As such, the damages which may be included must arise from a pecuniary loss to a survivor as a result of the decedent's death and must be compensatory in nature. Viewing attorney fees in this regard, I note that these fees are characterized as compensatory as they reimburse the personal representative for the costs incurred from the administration of the wrongful death estate and the prosecution of the claim. These costs are pecuniary losses necessitated by the wrongful death; without the wrongful death these costs would not have been incurred.

Furthermore, unlike the majority's, this holding produces a harmonious result between the GWDS, AWDS, and CWDS. At the moment, only the GWDS which pertains to adults who die without spouses or dependents and the CWDS which pertains to the wrongful death of children, unambiguously allow recovery of attorney fees and expenses for the administration of the wrongful death estate. I can discern no logical reason why the AWDS would not allow reasonable attorney fees as well by virtue of statutory interpretation of the "may include but are not limited to" language. If the Legislature would have explicitly precluded the recovery of reasonable attorney fees in the AWDS then it could have specifically mentioned these damages in Subsection (c)(2) which enumerates the damages which are excluded from recovery. Therefore, I conclude that the trial court erred when it found that attorney fees and expenses incurred by the personal representative's attorney are not recoverable damages under Indiana's Adult Wrongful Death Statute.