HEMATOLOGY–ONCOLOGY OF INDIANA, P.C., Appellant–Defendant,

v.

Hadley W. FRUITS, Personal Representative for the Estate of Elizabeth Ann Cadou, Deceased, Appellee–Plaintiff.

No. 49A05–0910–CV–556.

Court of Appeals of Indiana.

Aug. 18, 2010.

Rehearing Denied Oct. 29, 2010.

David G. Field, Katherine G. Karres, Schultz & Pogue, LLP, Indianapolis, IN, David C. Jensen, Robert J. Feldt, Eichhorn & Eichhorn, Hammond, IN, Attorneys for Appellant.

Robert W. Johnson, The Hastings Law Firm, Indianapolis, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Hadley Fruits, as personal representative of the Estate of Elizabeth Ann Cadou, sued Hematology–Oncology of Indiana (hereinafter "Hematology") for medical malpractice and wrongful death. A jury found for the Estate, and the trial court awarded attorney's fees, costs, and expenses to the Estate. Hematology asserts the court erred by awarding fees, costs, and expenses. As such an award is available under the Wrongful Death Act (WDA) or the Adult Wrongful Death Act (AWDA),[1] and the award does not cause the Estate's recovery to exceed the cap provided in the Medical Malpractice Act, we affirm.

## FACTS AND PROCEDURAL HISTORY

Cadou died September 18, 2002, and was survived by her three adult non-dependent children. One of her children, Fruits, was named personal representative of her Estate. In 2004 the Estate commenced a malpractice action by filing a proposed complaint before the Department of Insurance that alleged Cadou died as a result of Hematology's negligence. A medical review panel determined Hematology did not comply with the appropriate standard of care. The Estate then brought a wrongful death action in the Marion Superior Court. A jury found for the Estate and the trial court awarded attorney's fees and litigation expenses.

## DISCUSSION AND DECISION

█ Actions for the wrongful death of an adult are governed by Ind.Code §§ 34–23–1–1 and 34–23–1–2. Section one (hereinafter, the WDA) addresses wrongful death actions generally, and section two, the Adult Wrongful Death Act (hereinafter, the AWDA), addresses actions for the wrongful death of unmarried adults with no dependents. Cadou was an "adult person" as defined by the AWDA, because she was "an unmarried individual: (1) who does not have any dependents." Ind.Code § 34–23–1–2(a)(1).

Hematology asserts the trial court erred in awarding attorney's fees and other costs to the Estate because the "express terms" of the AWDA "do not permit a claim for attorneys fees or litigation expenses." (Br. of the Appellant, Hematology–Oncology of Indiana, P.C. (hereinafter "Hematology Br.") at 7.) There are no such "express terms" and the statute cannot be interpreted to require that result.

The interpretation of a statute is a question of law reserved for the courts. *Hillebrand v. Supervised Estate of Large*, 914 N.E.2d 846, 848 (Ind.Ct.App.2009). We review questions of law de novo and we owe no deference to a trial court's legal conclusions. *Id.* Our main objective in statutory construction is to determine, ef-

---

1. We acknowledge that in *McCabe v. Comm'r, Ind. Dept. of Ins.*, 930 N.E.2d 1202 (Ind.Ct.App.2010), a panel of this court addressed the availability of attorney's fees under the AWDA and reached a conclusion contrary to that we reach today. As explained in note five below, after careful evaluation of the *McCabe* panel's analysis of the same question that is before us, we decline to follow that panel's rationale.

fect, and implement the intent of the legislature. *Id.* In interpreting a statute, we will read the statute as a whole, attempting to give effect to all provisions so that no section is held meaningless if it can be reconciled with the rest of the statute. *Id.*

The WDA sets out the available damages in a wrongful death action:

> [D]amages shall be in such an amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission. That part of the damages which is recovered for reasonable medical, hospital, funeral and burial expense shall inure to the exclusive benefit of the decedent's estate for the payment thereof. The remainder of the damages, if any, shall, subject to the provisions of this article, inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. If such decedent depart this life leaving no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages inure to the exclusive benefit of the person or persons furnishing necessary and reasonable hospitalization or hospital services in connection with the last illness or injury of the decedent, performing necessary and reasonable medical or surgical services in connection with the last illness or injury of the decedent, to a funeral director or funeral home for the necessary and reasonable funeral and burial expenses, and to the personal representative, as such, for the necessary and reasonable costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the necessary and reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney fees.

Ind.Code § 34–23–1–1. The AWDA provides in pertinent part:

> (c) In an action to recover damages for the death of an adult person, the damages:
>
> > (1) must be in an amount determined by a:
> >
> > > (A) court; or
> > >
> > > (B) jury;
> >
> > (2) may not include:
> >
> > > (A) damages awarded for a person's grief; or
> > >
> > > (B) punitive damages; and
> >
> > (3) may include but are not limited to the following:
> >
> > > (A) Reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful act or omission that caused the adult person's death.
> > >
> > > (B) Loss of the adult person's love and companionship.
>
> (d) Damages awarded under subsection (c)(3)(A) for medical, hospital, funeral, and burial expenses inure to the exclusive benefit of the adult person's estate for the payment of the expenses. The remainder of the damages inure to the exclusive benefit of a nondependent par-

ent or nondependent child of the adult person.

Ind.Code § 34–23–1–2.

Hematology does not direct us to the "express terms" in either statute that it asserts would prohibit attorney's fees or litigation expenses, and we find no such language. To the contrary, the "express terms" of the WDA are that "a reasonable attorney's fee" is available. Ind.Code § 34–23–1–1. The AWDA expressly prohibits only two categories of damages, damages awarded for a person's grief and punitive damages, Ind.Code § 34–23–1–2(c)(2), then expressly says damages for the death of an adult person *"are not limited to"* medical, hospital, funeral, and burial expenses and damages for loss of the adult person's love and companionship. Ind.Code § 34–23–1–2(c)(3).

We recently addressed the interplay between the WDA and the AWDA in *Hillebrand,* 914 N.E.2d at 848. There we noted:

Both sections of the wrongful death act list the damages as "may include but are not limited to the following." *See* I.C. §§ 34–23–1–1; –2(c)(3). Because this list of recoverable damages in a wrongful death action is expressly illustrative and not exclusive, we interpret the statute to allow *in every situation*—regardless whether the decedent leaves a widow or widower, dependents or dependent next of kin—*the recovery of the reasonable costs of administering the decedent's estate and prosecuting or compromising the action, including attorney fees.* We also follow *Thomas [ v. Eads,* 400 N.E.2d 778 (Ind.Ct.App.1980), *reh'g denied* ] by concluding that the Legislature intended any damages recovered for the costs of administering the decedent's estate or prosecuting or compromising the action to inure to the exclusive benefit of the estate for the payment of such costs. *See Thomas,* 400

N.E.2d at 783 n. 5. Thus, as attorney fees are to be treated similar to the "reasonable medical, hospital, funeral, and burial expenses," the costs are to be taken from the settlement proceeds for the exclusive benefit of the estate and the estate is responsible for their payment.

*Id.* at 850–51 (emphasis supplied).

In *Thomas,* we noted "These [WDA] provisions start with the basic proposition that the damages recoverable by the personal representative are to include, but not be limited to, reasonable medical, hospital, funeral and burial expenses as well as the lost earnings of the decedent." 400 N.E.2d at 782. In a footnote to that statement, we said, "Because the list of recoverable damages is expressly illustrative and not exclusive, we interpret the statute to allow in every case the recovery of the reasonable costs of administering decedent's estate and prosecuting or compromising the action, including attorney's fees." *Id.* n. 4.

Accordingly, we explicitly agreed in *Hillebrand* with the *Thomas* reasoning and held "attorney fees in a wrongful death action pursuant to I.C. § 34–23–1 are included in the reasonable damages that can be recovered in the action." *Hillebrand,* 914 N.E.2d at 851. Our review of the statutory language leads us to believe *Hillebrand* was correctly decided, and Hematology has given us no reason to decide otherwise.

Nevertheless, Hematology invites us to disregard the explicit "but not limited to" language in the AWDA and to find the damages provisions in the two statutes in conflict. Even if the phrase "may include but are not limited to" were sufficiently ambiguous to permit construction of the

AWDA,[2] we could not reach the result Hematology proposes.

A court's first task in statutory interpretation is to attempt to harmonize two conflicting statutes. *State v. Universal Outdoor, Inc.,* 880 N.E.2d 1188, 1191 (Ind. 2008). If two statutes can be read in harmony with one another, we presume the Legislature intended for them both to have effect. *Id.* Where two statutes are apparently inconsistent in some respects and yet can be rationalized to give effect to both, it is a reviewing court's duty to do so. *Wright v. Gettinger,* 428 N.E.2d 1212, 1219 (Ind.1981). It is only when there is an irreconcilable conflict that we will interpret the legislature to mean that one statute must give way to another. *Id.*

The WDA and the AWDA are not in conflict, and they can easily be read in harmony. Both statutes explicitly apply to actions for the wrongful death of adult persons who have no dependents when they die.[3] The WDA explicitly permits recovery of attorney's fees; the AWDA explicitly *prohibits* only two categories of damages, damages for grief and punitive damages,[4] then explicitly provides available damages under that section "are not limited to" the named categories of "[r]easonable medical, hospital, funeral, and bur-

ial expenses" and "[l]oss of the adult person's love and companionship." Ind.Code § 34–23–1–2.

We must accordingly decline Hematology's invitation to disregard the explicit "but not limited to" language in the AWDA and to find the damages provisions in the two statutes in conflict. We hold the legislature did not intend that the AWDA implicitly take away a category of damages explicitly permitted in the WDA.

Hematology argues the "may include, but is not limited to" language cannot be applied so expansively as to include attorney's fees, citing *Durham ex rel. Estate of Wade v. U–Haul Intern.,* 745 N.E.2d 755, 766 (Ind.2001), *reh'g denied.* There, our Indiana Supreme Court held punitive damages are not recoverable in an action brought under the wrongful death statute:

> Finally, the plaintiffs argue that the statutory language leaves open the possibility of punitive damages. As noted earlier, in 1965, the legislature amended the wrongful death statute to include a list of recoverable damages, explicitly providing that its list was nonexhaustive. The significance of this provision has been addressed and resolved in prior cases. *Kuba* [*v. Ristow Trucking Co.,* 508 N.E.2d 1, 2 (Ind.1987) ] (construing

---

**2.** As we find attorney's fees are available under either the WDA or the AWDA, we need not address Hematology's independent argument the WDA does not apply to this case.

**3.** We therefore reject Hematology's assertion "Indiana's wrongful death statutes repeatedly have been deemed not to be *in pari materia,* so they are construed separately." (Hematology Br. at 21.) *"In pari materia"* means "[o]n the same subject; relating to the same matter." Black's Law Dictionary 795 (7th ed. 1999). Statutes that are *in pari materia* may be construed together, so that inconsistencies in one statute may be resolved by looking at another statute on the same subject. *Id.*

Hematology offers no authority to support its assertion the WDA and the AWDA have

ever "been deemed not to be *in pari materia.*" Rather, it directs us to decisions stating the WDA and the *child* wrongful death statutes are not *in pari materia. See, e.g., Estate of Sears ex rel. Sears v. Griffin,* 771 N.E.2d 1136, 1138 (Ind.2002) (general wrongful death statute and child wrongful death statute "are disjunctive, so if the decedent fits the [child wrongful death statute] description (unmarried, under age twenty, no dependents), that statute provides the exclusive remedy for the wrongful death.")

**4.** We have no doubt our legislature would have been capable of including attorney's fees in that list had it intended to do so.

"but not limited to" language as limited to damages "evolv[ing] from a deprivation to a survivor as a result of the death"); *accord Huff [v. White Motor Corp.*, 609 F.2d 286, 297 (7th Cir.1979)]. *Kuba* thus took the view that although the legislature left open the statute to allow for other damages, *these damages must be compensatory.*

*Id.* (emphasis added).

■ *Durham* does not require reversal, as attorney's fees are in the nature of compensatory, rather than punitive, damages. *See Harkrider v. Lafayette Nat. Bank*, 613 N.E.2d 36, 44 n. 6 (Ind.Ct.App. 1993) ("[B]y definition 'attorney's fees' are designed to compensate a party for actual legal expenses incurred as a result of an appeal. Thus, *attorney's fees are compensatory rather than punitive* in nature.") (emphasis supplied). *And see Marion Community School Corp. v. Marion Teachers Ass'n*, 873 N.E.2d 605, 609 (Ind. Ct.App.2007) (arbitrator's award of attorney's fees was "compensatory in nature," as the fees were awarded to reimburse a teacher for the expenses of arbitrating his wrongful discipline).[5]

Finally, Hematology argues the fee award violated the Medical Malpractice Act (MMA), Ind.Code § 34–18–1–1 *et seq.*, apparently because that Act would limit Hematology's liability to $250,000, Ind. Code § 34–18–14–3(b), and the combined award of damages and attorney's fees to the Estate would exceed that amount.

We resolved that question in *Emergency Physicians of Indianapolis v. Pettit*, 714 N.E.2d 1111, 1114 (Ind.Ct.App.1999), *adopted and incorporated by reference in part, vacated in part, and remanded* 718 N.E.2d 753 (Ind.1999):

We do not agree that the [MMA] sets an absolute cap on all liability whatsoever. As indicated earlier the limitation applies only to an occurrence of medical negligence or an amount recovered for an injury or death. *An award of costs and attorney's fees represents neither*[6]

**5.** In *Butler v. Indiana Dept. of Ins.*, 904 N.E.2d 198 (Ind.2009), our Indiana Supreme Court held an estate may not recover the difference between medical expenses billed and the amount accepted by medical providers pursuant to a contractual agreement. It noted the AWDA specifies that damages are allowable for "[r]easonable medical, hospital ... expenses necessitated by" the wrongful conduct that caused the death. *Id.* at 202. "Where charges for medical services are initially billed but thereafter settled for a lower amount pursuant to agreements with health insurers or government agencies, the difference is not a 'necessitated' expense." *Id.*

The *Butler* Court acknowledged the language in the AWDA that damages "may include but are not limited to the following," but said: "This open-ended phrase permits recovery of damages other than those items designated in subsections (c)(3)(A) and (c)(3)(B), but does not direct the expansion of the circumscribed damages defined within (A) and (B). The 'include but not limited to' phrase does not expand the class of such necessitated expenses." *Id.* at 202–03.

The *McCabe* panel, relying on *Butler*, determined the "may include but are not limited to" language does not permit attorney's fees because such a result would similarly "expand the circumscribed damages defined by the general assembly." *McCabe*, 930 N.E.2d at 1209. We respectfully disagree with that interpretation. As explained above, we believe *Kuba* instructs us that the "may include but are not limited to" language permits other categories of *compensatory* damages, such as attorney's fees, but is not so open-ended as to permit *non-compensatory, i.e.*, punitive, damages.

**6.** In *Pettit*, we reversed the trial court's award of attorney's fees, and our Supreme Court adopted that part of our opinion. We reviewed the fee award pursuant to the general rule that a court may award attorney's fees to the prevailing party if a party brought a claim or defense that was frivolous, unreasonable, or groundless, continued to litigate after the claim or defense clearly became frivolous, unreasonable, or groundless, or litigated in bad faith. Ind.Code § 34–52–1–1. As none

. . . . If we were to apply the Medical Malpractice Act as argued by Providers, then a party who engages in conduct that would otherwise warrant an award of attorney's fees could escape accountability for his conduct by alleging that the award would exceed the statutory limit. We do not believe the legislature intended such a result.

(Footnote added) (emphasis added). *And see Poehlman v. Feferman,* 717 N.E.2d 578, 584 (Ind.1999) (MMA recovery limits "are limitations on damage amounts, not collateral litigation expenses" and "each judgment debtor is individually responsible for its own collateral litigation expenses associated with its settlement or judgment figure, irrespective of whether the total figure exceeds the Act's statutory damage limits"), *reh'g denied.*

## CONCLUSION

The Estate's recovery of attorney's fees is permitted under the WDA or the AWDA, and the award does not cause the Estate's recovery to exceed the limit provided in the MMA. Accordingly, we affirm the trial court's award.

Affirmed.

BAILEY, J., and BARNES, J., concur.

of those standards were met, we reversed the award.