ATTORNEY FOR APPELLANT
Gloria J. Danielson
Ladendorf & Ladendorf
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Susan E. Cline
Lewis Wagner, LLP
Indianapolis, Indiana



FILED
Jun 29 2011, 2:04 pm
CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 49S02-1010-CV-602

JEFFERY H. MCCABE,                                                                *Appellant (Plaintiff below),*

v.

COMMISSIONER, INDIANA DEPARTMENT OF INSURANCE
    AS ADMINISTRATOR OF THE INDIANA PATIENT'S
    COMPENSATION FUND,                                        *Appellee (Defendant below).*

Interlocutory Appeal from the Marion Circuit Court, No. 49C01-0809-CT-43128
The Honorable Louis Rosenberg, Judge

On Transfer from the Indiana Court of Appeals, No. 49A02-0908-CV-728

**June 29, 2011**

**Dickson, Justice.**

In this interlocutory appeal, the plaintiff in a medical negligence wrongful death action challenges the trial court's grant of partial summary judgment finding that the Adult Wrongful Death Statute ("AWDS"), Ind. Code § 34-23-1-2, does not allow recovery of attorney fees. The Court of Appeals affirmed the partial summary judgment. McCabe v. Comm'r, Ind. Dep't of Ins., 930 N.E.2d 1202 (Ind. Ct. App. 2010). In contrast, other panels of the Court of Appeals have recently concluded to the contrary. Hematology-Oncology of Ind., P.C. v. Fruits, 932 N.E.2d 698 (Ind. Ct. App. 2010), *trans. granted today*, ___ N.E.2d ___ (Ind. 2011); Ind. Patient's Comp. Fund v. Brown, 934 N.E.2d 168 (Ind. Ct. App. 2010), *trans. granted today*, ___ N.E.2d ___ (Ind.

2011); <u>Hillebrand v. Estate of Large</u>, 914 N.E.2d 846 (Ind. Ct. App. 2009), *trans. not sought*.  To resolve this issue, we granted transfer in <u>McCabe</u> and now hold that attorney fees are recoverable under the AWDS.

Following the death of his mother, Jean Francis McCabe, at the age of 76, Jeffery McCabe asserted a medical malpractice claim against her medical care providers, who eventually agreed "to a settlement sufficient to allow McCabe to petition the Indiana Patient's Compensation Fund ("Fund") for additional compensation."  Appellant's Br. at 1.  As personal representative of his mother's estate, the plaintiff filed this action seeking additional recovery from the Fund for the loss of love and companionship, medical expenses, burial expenses, plus costs, expenses, and attorney fees related to the administration of the wrongful death estate and the prosecution of the action.  The trial court granted partial summary judgment to the Fund on two issues, finding (a) that the General Wrongful Death Statute ("GWDS"), Ind. Code § 34-23-1-1, and the AWDS, Ind. Code § 34-23-1-2, "are disjunctive remedies" and that the plaintiff, "having chosen to sue under the AWDS . . . must look to that statute for authority to recover attorneys fees," and (b) that the AWDS does not allow recovery of attorney fees.  Appellant's App'x at 44–45.  This interlocutory appeal was authorized by the trial court and accepted by the Court of Appeals.  The plaintiff challenges only the availability of attorney fees under the AWDS but argues that the provisions of the GWDS should be considered in construing the AWDS.

Located within Title 34 (Civil Law and Procedure) of the Indiana Code, Article 23 is titled "Causes of Action: Wrongful Death."  Within Article 23, there are two chapters, Chapter 1, entitled "Wrongful Death Generally," and Chapter 2, entitled "Wrongful Death or Injury of a Child."  Chapter 1 contains two sections, with Section 1 (the GWDS) generally permitting wrongful death actions and expressly permitting recovery of specified types of pecuniary damages including attorney fees and costs and expenses of administration and prosecution of the action.  Ind. Code § 34-23-1-1 (originally enacted in 1881 and subsequently amended several times through 1998).  Section 2 (the AWDS) authorizes a wrongful death action specifically for the death of an adult person who is unmarried and without any dependents and expressly permits recovery for specified damages including but not limited to specified types of damages including "loss of the adult person's love and companionship" but not explicitly enumerating attorney fees

2

and costs of administration and prosecution of the action. Ind. Code § 34-23-1-2 (enacted in 1999). Chapter 2 of Article 23 permits an action for the wrongful death of an unmarried child without dependents and allows for recovery of specified types of damages, some of which include loss of the child's services, love, and companionship; costs of administration of the child's estate; and reasonable attorney fees. Ind. Code § 34-23-2-1 (enacted in 1998 and amended in 2007, 2008, and 2009).

The AWDS allows an action for the wrongful death of an unmarried adult without dependents, with medical and funeral expenses recoverable by the decedent's estate and damages for loss of love and companionship and other damages recoverable by the decedent's nondependent parents or children. It provides in relevant part:

> (c) In an action to recover damages for the death of an adult person, the damages:
>      *    *    *
>      (2) may not include:
>           (A) damages awarded for a person's grief; or
>           (B) punitive damages; and
>      (3) *may include but are not limited to* the following:
>           (A) Reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful act or omission that caused the adult person's death.
>           (B) Loss of the adult person's love and companionship.
>   (d) Damages awarded under subsection (c)(3)(A) for medical, hospital, funeral, and burial expenses inure to the exclusive benefit of the adult person's estate for the payment of the expenses. The remainder of the damages inure to the exclusive benefit of a nondependent parent or nondependent child of the adult person.
>     *    *    *
>   (f) A parent or child who wishes to recover damages under this section has the burden of proving that the parent or child had a genuine, substantial, and ongoing relationship with the adult person before the parent or child may recover damages.
>   (g) In an action brought under this section, a court or a jury may not hear evidence concerning the lost earnings of the adult person that occur as a result of the wrongful act or omission.

Ind. Code § 34-23-1-2 (emphasis added). The plaintiff argues that attorney fees are not among the items for which damages are explicitly prohibited by subsections (c)(2) and (g), but rather are encompassed within the above-italicized general introductory phrase "may include but are not limited to."

3

To support its claim that the AWDS does not allow for the recovery of attorney fees, the Fund argues (a) that differences between the AWDS and the provisions of Indiana's other wrongful death statutes,[1] which allow for recovery of attorney fees, indicate a contrary legislative intent for the AWDS; and (b) that the "may include but are not limited to" phrase should not be construed in a manner contrary to such presumed legislative intent.

This phrase was the focus of our recent decision in Butler v. Ind. Dep't of Ins., 904 N.E.2d 198 (Ind. 2009). There we considered the language of the AWDS, particularly the "may include but are not limited to" phrase, with respect to medical expenses "necessitated by the wrongful act or omission that caused the adult person's death." Ind. Code § 34-23-1-2(c)(3)(A). We concluded:

> This open-ended phrase ["may include but are not limited to"] permits recovery of damages other than those items designated in subsections (c)(3)(A) and (c)(3)(B), but does not direct the expansion of the circumscribed damages defined within (A) and (B). The "include but not limited to" phrase does not expand the class of such necessitated expenses.

Butler, 904 N.E.2d at 202–03. Because the charges for medical services initially were billed but thereafter were settled for a lower amount pursuant to agreements between health care providers and insurers or government agencies, we held that the amount recoverable under the AWDS is "the portion of the billed charges ultimately accepted pursuant to such contractual adjustments." *Id.* at 203.

In contrast to the issue of medical expenses discussed in Butler and expressly designated in subsection (c)(3)(A) of the AWDS, recovery for attorney fees is not specifically described nor is it prohibited. The restriction in Butler regarding "such necessitated expenses" thus does not apply to the availability of attorney fees.

As noted in Butler, we must give an unambiguous statute its clear and plain meaning. *Id.* at 202, and cases cited therein. When a statute is unambiguous, it is unnecessary to engage in statutory construction in an effort to determine and give effect to legislative intent. *See* Durham

---

[1] The General Wrongful Death Statute, Ind. Code § 34-23-1-1, and the Child Wrongful Death Statute ("CWDS"), Ind. Code § 34-23-2-1.

4

ex rel. Estate of Wade v. U-Haul Int'l, 745 N.E.2d 755, 759 (Ind. 2001); Ind. Dep't of State Revenue v. Horizon Bancorp, 644 N.E.2d 870, 872 (Ind. 1994). The initial question is thus whether the introductory phrase "may include but are not limited to" is ambiguous, that is, whether it is susceptible to more than one interpretation. Varner v. Ind. Parole Bd., 922 N.E.2d 610, 612 (Ind. 2010). The phrase is a standard expression designating the permissive inclusion of an open-ended class of items not to be limited by designation of specific items that follow. As to whether a plaintiff's attorney fees and litigation expenses are part of the open-ended class, however, we find that the phrase is susceptible to differing, reasonable interpretations and thus cannot be viewed as unambiguous. This Court has in fact engaged in statutory construction of similar open-ended phrases to determine whether other types of damages are recoverable. *See* Durham, 745 N.E.2d at 758–63 (holding that punitive damages are not recoverable under the GWDS); Estate of Kuba v. Ristow Trucking Co., Inc., 508 N.E.2d 1, 2–3 (Ind. 1987) (holding that statutory treble damages are not available in wrongful death actions).

Three principal statutory construction arguments are urged in support of the trial court's ruling prohibiting the recovery of attorney fees under the AWDS. First, the Fund urges that the AWDS's language differences from the GWDS and the CWDS suggest specific legislative intent to preclude attorney fees in actions under the AWDS. The plaintiff also cites the GWDS but contends that it and the AWDS, as the second section of the same chapter of the Code, should be read *in pari materia* and harmoniously construed to allow recovery of attorney fees under both sections. Significantly, the CWDS, like the GWDS, explicitly permits recovery of attorney fees and expenses.

A second argument in support of the trial court's ruling emphasizes the so-called "American Rule" under which each party is responsible for paying his or her own attorney fees unless there is contrary statutory authority. The applicability of this rationale depends on whether the AWDS is construed to authorize recovery of attorney fees. The third argument asserts the general rule that would require a strict construction of the AWDS as a statute in derogation of common law.

In statutory interpretation, however, paramount consideration must be given to the basic

principle that two statutes that apply to the same subject matter must be construed harmoniously if possible. Marion County Sheriff's Merit Bd. v. Peoples Broad. Corp., 547 N.E.2d, 235, 237 (Ind. 1989). This rule takes precedence over other rules of statutory construction. *Id.*; Johnson County Farm Bureau Coop. Ass'n v. Ind. Dep't of State Revenue, 568 N.E.2d 578, 584 (Ind. T.C. 1991) ("This rule is so important that it trumps all other rules of statutory construction.").

The enactment of the AWDS in 1999 occurred shortly after the decision in Estate of Miller v. City of Hammond, 691 N.E.2d 1310 (Ind. Ct. App. 1998), *trans. denied*, in which the court held that nondependent parents could not recover damages for the wrongful death of their 23-year-old unmarried adult son. The structure of the AWDS does not parallel that of the GWDS in creating a new statutory cause of action, but it appears to focus upon the mere amplification of damages allowed by the GWDS to include the loss of the adult person's love and companionship in the narrow class of actions for the wrongful death of an unmarried adult without dependents. The AWDS also specifically designated only two types of damages that could not be recovered: punitive damages and "damages awarded for a person's grief." Ind. Code § 34-23-1-2(c)(2). If the legislature had desired the AWDS to exclude elements of damages expressly included in the GWDS, this would seem the most likely way to have ensured such objective. Significantly, the General Assembly designated the GWDS as Section 1 and the AWDS as Section 2 of Chapter 1 addressing "Wrongful Death Generally." Considering the GWDS and the AWDS *in pari materia* and warranting harmonious interpretation, we find that the phrase "may include but are not limited to" in the AWDS includes the availability of attorney fees and all other elements of damages permitted under the GWDS.

We acknowledge that a similar non-exhaustive list of damages in the GWDS[2] has been constrained to allow recovery only of damages of a pecuniary nature. *See* Durham, 745 N.E.2d at 763 (finding the "but not limited to" phrase to allow for other compensatory damages, but not punitive damages); Kuba, 508 N.E.2d at 2 (declining to expand "but not limited to" to include

---

[2] The General Wrongful Death Statute states in part that "damages shall be in such an amount as may be determined by the court or jury, including, *but not limited to*, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person resulting from said wrongful act or omission." Ind. Code § 34-23-1-1 (emphasis added).

statutory treble damages due to a tortfeasor's driving while intoxicated, which treble damages are not "of the same genre" as the pecuniary losses permitted by the wrongful death statute). While these decisions may restrain the outer limits of the "but not limited to" language, they do not undermine our conclusion that attorney fees, as specifically permitted by the GWDS, are included in the open-ended authorization of permissible compensatory damages under the AWDS.

In conclusion, we hold that reasonable attorney fees incurred in the prosecution of an action under the Adult Wrongful Death Statute are within the damages permitted by the statute.[3] The entry of partial summary judgment is reversed. This cause is remanded for further proceedings.

Sullivan and David, JJ., concur. Shepard, C.J., dissents with separate opinion in which Rucker, J., concurs.

---

[3] The Fund additionally urges on appeal that attorney fees and expenses, even if found to be available under the AWDS, cannot be recovered from the Fund under the Medical Malpractice Act. This issue is not within the scope of the order certified for interlocutory appeal.

**SHEPARD, Chief Justice, dissenting**.

I would have expected that two straightforward principles would lead this Court to the same result reached by the trial judge and by the Court of Appeals.

First, this state's tribunals have long adhered to what is typically called the "American Rule," which is to say that each party to a lawsuit pays his or her own attorney fees unless there is a statute, court rule, or agreement between them that provides otherwise. Porter Development, LLC v. First Nat'l Bank of Valparaiso, 866 N.E.2d 775 (Ind. 2007); Gavin v. Miller, 222 Ind. 459, 54 N.E.2d 277 (1944). We have enforced this rule in a variety of settings. See, e.g., Pond v. Pond, 700 N.E.2d 1130 (Ind. 1998) (attorney fees in dissolution); Malachowski v. Bank One, Indianapolis, N.A., 682 N.E.2d 530 (Ind. 1997) (attorney fees in trust code).

We have likewise enforced this rule with reliable vigilance in tort litigation. Even where there is a statutory basis for requesting fees, we have administered the statute by barring fees except in the most egregious circumstances, that is, when ordering fees is tantamount to punishment for outrageous behavior. Kahn v. Cundiff, 543 N.E.2d 627 (Ind. 1989) (adopting 533 N.E.2d 164, 171) (fee request based on statute governing frivolous litigation requires that the claim or defense was undertaken "primarily for the purpose of harassment").

In the present case, the majority acknowledges, as it must, that the General Assembly has not included the term "attorney fees" in the Code provision at issue, even though the legislature did so in similar settings and almost contemporaneously. This difference alone would customarily be thought indicative of legislative intent.

But the majority says that the legislature has in fact enacted a provision on fees in the Adult Wrongful Death Statute. It is the "may include but are not limited to" phrase that introduces those things for which recompense may be obtained.

That assertion leads straight to a second rule of construction commonly applied to statutes enacted in a field generally covered by the common law. As Justice Dickson has reminded

us, a statute "in derogation of common law must be strictly construed." <u>Giles v. Brown County ex rel. its Bd. of Comm'rs</u>, 868 N.E.2d 478, 482 (Ind. 2007) (Dickson, J., dissenting). Statutes authorizing recovery for wrongful death, of course, are undeniably in derogation of the common law.

This bedrock principle of interpretation is especially valuable to interpreting the statutes we have before us. Both the Adult Wrongful Death Statute and the Child Wrongful Death Statute were enacted for the benefit of claimants whose recovery under the common law would have been non-existent, or whose recovery under the General Wrongful Death Statute would have been minimal due to the operation of rules about economic loss. In extending a remedy where little or no recovery would likely have occurred before, the legislature placed boundaries around the amounts that could be recovered. In AWDS, the boundaries take the form of statutory caps on damages; in CWDS, the boundaries are temporal (i.e., for damages only until the child would have reached twenty or twenty-three, if a student).

It seems altogether plausible that in extending the possibility of recovery where little chance or none existed before, the legislature would (indeed the words enacted demonstrate that it did) make discreet decisions about various elements of recovery, measures of recovery, limits on damages, and the availability of fees. In particular, it seems unsurprising that it would authorize attorney fees for the more limited recovery authorized in CWDS and decide not to do so for AWDS. Whether or not this describes the legislative intent, our long-standing rule about strict construction of statutes in derogation of the common law would point away from the decision announced today.

Rucker, J., concurs.