ATTORNEY FOR APPELLANT
Matthew W. Conner
Bose McKinney & Evans, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
James A. Mellowitz, PC
Mellowitz & Hanefeld
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
Indiana Trial Lawyers Association
Robert W. Johnson
Nicholas F. Baker
The Hastings Law Firm
Indianapolis, Indiana

### In the
# Indiana Supreme Court

**FILED**

Jun 29 2011, 2:25 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-1106-CT-388

INDIANA PATIENT'S COMPENSATION FUND,  *Appellant (Defendant below),*

v.

BEVERLY S. BROWN, AS EXECUTOR OF THE ESTATE
OF BARBARA J. FRIEDEN, DECEASED,  *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49D07-0904-CT-20191
The Honorable Gerald S. Zore, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1001-CT-80

**June 29, 2011**

**Dickson, Justice.**

The Indiana Patient's Compensation Fund challenges a final judgment in the sum of $278,377.55 against it on grounds that the judgment includes sums for expenses of administration, contingent attorney fees, and loss of services that are not recoverable under the Indiana Adult Wrongful Death Statute ("AWDS"), Ind. Code § 34-23-1-2. The Court of Appeals rejected the Fund's arguments and affirmed the trial court. Ind. Patient's Comp. Fund v. Brown, 934 N.E.2d 168 (Ind. Ct. App. 2010). We grant transfer and, agreeing with the Court of Appeals and the trial court, now hold that such damages may be sought under the AWDS.

Following the settlement of the plaintiff's medical malpractice claims against several medical care providers for the alleged wrongful death of the plaintiff's sister, Barbara J. Frieden, an unmarried adult without dependents, the plaintiff initiated this action against the Patient's Compensation Fund for the damages that exceeded the $250,000 future value of her settlement with the medical providers, pursuant to the Indiana Medical Malpractice Act. The Fund did not dispute the individual amounts sought but only the availability of damages under the AWDS for contingent attorney fees, litigation costs, estate administration expenses, and loss of services. The Fund also requested application of the $250,000 set-off reflecting the value of the plaintiff's settlement with the health care providers. The trial court rejected the Fund's contentions regarding the scope of damages permitted under the AWDS and awarded the plaintiff the full amount requested but applied the set-off. The Fund's appeal challenges only the trial court's ruling that damages under the AWDS could include expenses of administration, contingent attorney fees, and loss of services. The Fund's argument treats all of these classes of damages together and does not make any particularized argument challenging the recoverability of any one item of the awarded damages.

This Court's decision today in McCabe v. Comm'r, Ind. Dep't of Ins., ___ N.E.2d ___ (Ind. 2011), determined that a plaintiff's attorney fees may be recoverable under the AWDS. In Hematology-Oncology of Ind., P.C. v. Fruits, ___ N.E.2d ___ (Ind. 2011), also decided today, we held that the AWDS also permits a plaintiff to seek recovery of litigation expenses. As to the plaintiff's claim for loss of services in this case, the Fund makes no argument urging that such damages be treated any differently than attorney fees and litigation expenses.

In considering this issue, the Court of Appeals correctly noted that damages in actions under Indiana's wrongful death statutes must be compensatory in nature. Brown, 934 N.E.2d at 176–77; see Durham ex rel. Estate of Wade v. U-Haul Int'l, 745 N.E.2d 755, 758–63 (Ind. 2001); Estate of Kuba v. Ristow Trucking Co., Inc., 508 N.E.2d 1, 2–3 (Ind. 1987). The court in Brown declared, "[A]ttorney fees, probate administration costs, and litigation costs are compensatory damages that remedy actual pecuniary losses. Therefore, we find no compelling reason why

2

these damages should not be allowed."  Brown, 934 N.E.2d at 177.  As to loss of services, the court observed:

> As a practical matter, it may be difficult for a nondependent parent to prove that loss of an adult child's services resulted in pecuniary loss.  In this case, the Fund has not contested that Frieden's parents suffered a pecuniary loss from the loss of her services, but instead has argued that such damages are categorically unavailable under the AWDS. We cannot agree.  Loss of services, when proved, would constitute a pecuniary loss of the type contemplated by the AWDS.

*Id.* at 178.  The Court of Appeals is correct.

Transfer is granted.  We affirm the judgment of the trial court awarding damages for expenses of administration, attorney fees, and loss of services under the Adult Wrongful Death Statute.

Sullivan and David, JJ., concur.  Shepard, C.J., dissents with separate opinion in which Rucker, J., concurs.

3

**Shepard,  Chief Justice, dissenting**.

For reasons explained in my dissent in McCabe v. Comm'r, Ind. Dep't of Ins., I think the majority wrongly holds in this case that attorney fees are a separate element of recovery under the Adult Wrongful Death Statute.

In this case, the Court goes beyond the McCabe holding, declaring that a surviving parent may recover for "loss of services" that the deceased adult child would have rendered.

The common law rule, still a principle of background law, held that there was not a legal obligation for a child to support his or her parent.  Haskamp v. Swenger, 85 Ind. App. 255, 153 N.E. 815 (1926).  Nevertheless, under the General Wrongful Death Statute, a parent might recover for pecuniary losses where the evidence showed that the parent had in fact been dependent on the deceased child for the necessities of life.  N.Y. Central R.R. Co. v. Johnson, 234 Ind. 457, 127 N.E.2d 603 (1957).

Of course, the very point of the Adult Wrongful Death Statute was to permit some recovery for survivors of an adult who had no dependents.  This central purpose explains why the enumerated elements of damages focus solely on medical and burial expenses and on loss of love and affection.

The statute declares that it covers the death of an unmarried individual "who does not have any dependents."  Ind. Code 34-23-1-2(a).  Holding that the statute affords recovery for "loss of services" by dependents is contrary to the language of the Code, and in a broader sense oxymoronic.  This does not mean, of course, that a parent cannot recover damages for the loss of an adult child; it does mean that where recovery for loss of services is a crucial element of the claim the claimant should proceed under the General Wrongful Death Statute.

Rucker, J., concurs.