ATTORNEYS FOR APPELLANT
David G. Field
Katherine G. Karres
Schultz & Pogue, LLP
Indianapolis, Indiana

David C. Jensen
Robert J. Feldt
Eichhorn & Eichhorn, LLP
Hammond, Indiana

ATTORNEY FOR APPELLEE
Robert W. Johnson
Tabor Law Firm
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
Defense Trial Counsel of Ind., Inc.
Robert F. Parker
Patricia Roman-Lagunas
Burke Costanza & Cuppy LLP
Merrillville, Indiana

James D. Johnson
Rudolph, Fine, Porter, Johnson, LLP
Evansville, Indiana

In the
Indiana Supreme Court

FILED
Jun 29 2011, 2:21 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S05-1106-CV-387

HEMATOLOGY-ONCOLOGY OF INDIANA, P.C.,                    *Appellant (Defendant below),*

v.

HADLEY W. FRUITS, AS PERSONAL
    REPRESENTATIVE FOR THE ESTATE
    OF ELIZABETH ANN CADOU, DECEASED,                  *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49D05-0611-CT-45470
The Honorable Robyn L. Moberly, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-0910-CV-556

**June 29, 2011**

**Dickson, Justice**.

The defendant, Hematology-Oncology of Indiana, P.C. (the provider), appeals the trial court judgment awarding attorney fees and litigation expenses in this action brought under the Adult Wrongful Death Statute ("AWDS"), Ind. Code § 34-23-1-2, and the Medical Malpractice Act ("MMA"), Ind. Code § 34-18-1-1 et seq. The Court of Appeals affirmed. Hematology-Oncology of Ind., P.C. v. Fruits, 932 N.E.2d 698 (Ind. Ct. App. 2010). We grant transfer and

now affirm the trial court's ruling that attorney fees and expenses are recoverable under the AWDS but remand to limit the provider's aggregate liability to the $250,000 cap prescribed by the MMA.

In Indiana, the availability of an action seeking damages for wrongful death is governed by statute. Indiana Code § 34-23-1-1 governs actions for wrongful death generally, § 34-23-1-2 applies specifically to actions for the wrongful death of an unmarried adult without dependents, and § 34-23-2-1 governs the wrongful death or injury of a child. Recovery of attorney fees and costs are expressly permitted under both the General Wrongful Death Statute ("GWDS") and the Child Wrongful Death Statute ("CWDS"), but the AWDS states that the damages "may include *but are not limited to* the following: (A) Reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful act or omission that caused the adult person's death. (B) Loss of the adult person's love and companionship." Ind. Code § 34-23-1-2(c)(3) (emphasis added).

The provider's appeal challenges the trial court's award of attorney fees and litigation expenses, arguing: (a) the GWDS does not apply in this case; (b) the AWDS should not be construed to allow recovery of such fees and expenses; and (c) the fee award in this case runs afoul of the MMA's limitations on damages and fees.

The plaintiff responds that (a) both the GWDS and the AWDS apply to the wrongful death action of an unmarried adult without dependents; (b) they should be construed *in pari materia*, and thus attorney fees and expenses are recoverable; (c) in the alternative, such damages fall within the "include but are not limited to" language of the AWDS; and (d) the MMA is not violated by either the jury's award in this case nor by the amount of the plaintiff's attorney fees awarded.

**1. Recoverability of Attorney Fees and Litigation Expenses Under the AWDS**

With today's opinion in McCabe v. Comm'r, Ind. Dep't of Ins., ___ N.E.2d ___ (Ind. 2011), we hold that "reasonable attorney fees incurred in the prosecution of an action under the

2

Adult Wrongful Death Statute are within the damages permitted by the statute." *Id.* at ___. Applying <u>McCabe</u>, we hold that the trial court's award of litigation expenses was authorized by the statute.

## 2. Applicability of the MMA to the Attorney Fee Award

The provider also contends that the trial court judgment against it for $108,509.95 in attorney fees and litigation expenses, in addition to the $229,148 judgment on the jury verdict for damages exclusive of attorney fees and expenses, was contrary to the $250,000 cap limiting damages against individual providers under the MMA and that the provider portion of the fees and expenses should be only $20,852, with the balance of $87,657.95 falling upon the Patient's Compensation Fund. In addition, the provider further asserts that all of the attorney fee award should be subject to the MMA's 15% limitation on attorney fees sought from the Fund. The provider thus asserts that, if attorney fees and expenses are recoverable under the AWDS, the aggregate should be only $229,148 (the jury verdict), plus attorney fees of $34,372.20 (15% of the jury verdict), plus costs of $19,648.95, which totals $283,169.15, of which the provider's liability is limited to $250,000. And the provider further argues that, since none of this excess represents a judgment for injury or death of a patient, there is no liability of the Fund for the excess above $250,000.

The plaintiff does not dispute that the provider's aggregate liability is limited to $250,000. But the plaintiff contends that the MMA's 15% attorney fee limitation applies only to contingent attorney fee contracts and that, "[if the plaintiff and the plaintiff's attorney] have a contingency contract, then [the plaintiff's] attorney fees from the $87,657.95 [due from the Fund] may not exceed 15%." Appellee's Br. at 19.

Before the commencement of the jury trial in this case, the provider filed a motion for partial summary judgment seeking a determination that the plaintiff was not entitled to attorney fees and expenses under the AWDS. The trial court noted the parties' agreement that the recoverability and extent of attorney fees would be deferred for determination by the court in the event of a plaintiff's verdict. The ensuing jury trial resulted in a verdict and judgment in the sum of

$229,148 for the plaintiff. Shortly thereafter, the plaintiff filed a pleading entitled "Satisfaction of Jury Verdict Judgment" notifying the trial court that "the entire jury verdict award has been satisfied" and noting the pending issues, including attorney fees and expenses, that remain for resolution. Appellant's App'x at 208. The plaintiff's attorney also filed his verified petition for attorney fees, costs, and expenses, which included his verified itemized time records showing 355.3 total hours at $250 per hour supporting a total attorney fee of $88,825, in addition to costs of $19,684.95, altogether totaling $108,509.95, which the plaintiff requested the trial court to award. *Id.* at 170–85. The provider presented evidence of the plaintiff's contingent attorney fee contract and the "Settlement Recap" showing the plaintiff's agreement that the $229,148 jury verdict judgment would be distributed as follows: $91,659.20 (40% of gross recovery) to attorney fees, $19,684.95 to expenses, and $117,803.85 "paid to client." *Id.* at 41. This recap also contained the plaintiff's agreement that, if the then-pending issue of recoverability of attorney fees and expenses were resolved and payment is made, they would be "split 40% to attorney and 60% to estate." *Id.* After further proceedings, the trial court ultimately entered judgment for the full $108,509.95 in fees and expenses against the provider and for the plaintiff. Although "not certain what arrangement Plaintiff made with his counsel as compensation for prosecuting the attorney fee portion of the claim," *id.* at 21, the trial court's judgment concluded:

> Therefore, it is this court's opinion that the Plaintiff is entitled to recover the reasonable value of counsel's work in the prosecution of the tort case and the administration of the Estate, without regard to the contingent fee which counsel has received pursuant to his contract with the Plaintiff. Clearly, the award of attorney fees should benefit the estate, not just counsel, and the Court would anticipate that if not all, the majority of this award will go to the Estate to make it whole for the costs it has incurred to date for the services of its counsel. The Court finds that the Plaintiff is entitled to judgment against the Defendant for costs of $19,684.95 and attorney fees of $88,825.00, for a total judgment of $108,509.95.

*Id.* at 22.

The Indiana Medical Malpractice Act provides that "A health care provider . . . is not liable for an amount in excess of two hundred fifty thousand dollars ($250,000) for an occurrence of malpractice." Ind. Code § 34-18-14-3. Amounts in excess of this are payable from the Patient's Compensation Fund upon petition. Ind. Code §§ 34-18-14-3(c), 15-3. With respect to attorney fees, the MMA states in relevant part: "When a plaintiff is represented by an attorney in

4

the prosecution of the plaintiff's claim, the plaintiff's attorney's fees from any award made from the patient's compensation fund may not exceed fifteen percent (15%) of any recovery from the fund." Ind. Code § 34-18-18-1. This 15% limitation "does not [a]ffect at all the enforceability of contracts made regarding fees to be paid from the first [$250,000] of recovery, as that amount is not received from the compensation fund." Matter of Stephens, 867 N.E.2d 148, 151 (Ind. 2007) (quoting Johnson v. St. Vincent Hosp., Inc., 273 Ind. 374, 402, 404 N.E.2d 585, 602–03 (1980)). The statutory language, however, does not restrict the imposition of the 15% attorney fee limitation only to contingent attorney fees, but rather it applies to all of a "plaintiff's attorney's fees from any award." Ind. Code § 34-18-18-1.[1]

Applying these principles, we find that the parties are correct in their agreement that the total judgment against the provider cannot exceed $250,000, which includes both the jury's damage verdict of $229,148 and $20,852 of the attorney fees and expenses. In addition, the portion of the plaintiff's attorney fees to be paid by the provider is not subject to a reduction to the 15% MMA limitation on fee awards from the Fund. Because this is not an appeal from any proceeding involving the Fund, however, it is inappropriate for us to consider the provider's arguments asserting that the Fund is not liable under the MMA for attorney fees or expenses. We also decline to consider in this appeal the propriety of the plaintiff's attorney's appearing to seek a substantial further fee on the recovery of attorney fees from the provider or the Fund. But we share the trial court's expectation that "if not all, the majority of this award will go to the Estate to make it whole for the costs it has incurred to date for the services of its counsel." Appellant's App'x at 22.

Transfer is granted and the judgment of the trial court is affirmed as to its finding that attorney fees and expenses are recoverable under the Adult Wrongful Death Statute, but this cause is remanded for limitation of the aggregate judgments against Hematology-Oncology of

---

[1] In a separate provision, the MMA declares that a patient "has the right to elect to pay for the attorney's services on a mutually satisfactory per diem basis," but this election "must be exercised in written form at the time of employment." Ind. Code § 34-18-18-2. This provision does not undermine the unambiguous application of the 15% limitation in Section 18-1 to the attorney fees from any award made from the Fund.

Indiana, P.C. to a total of $250,000 for the jury's damage award plus a portion of the plaintiff's attorney fees.

Sullivan and David, JJ., concur.  Shepard, C.J., dissents with separate opinion in which Rucker, J., concurs.

**Shepard, Chief Justice, dissenting**.

Believing that the Court has reached the wrong conclusion about attorney fees as a separate element of damages under the Adult Wrongful Death Statute, I dissent for the reasons explained in my dissent in <u>McCabe v. Comm'r, Ind. Dep't of Ins.</u>

Rucker, J., concurs.