ROBB, Chief Judge,
dissenting.
As I read the applicable statutes and case law, a reasonable attorney's fee as an element of damages in an AWDS case is unlimited by Indiana Code section 34-18-18-1 and the entire amount is includable in the damages calculation, from which the Fund's excess damages payment is to be determined. I also believe Section 34-18-18-1 does, however, limit the amount that may be paid to the attorney from that excess damages payment. Further, I believe the majority opinion overlooks the unique procedural posture of this case and is ultimately attempting to answer a question not being asked. I therefore dissent and would hold the trial court's judgment assessing additional damages of $50,440.00 in attorney's fees to the Estate and against the Fund should be affirmed.
It is important to note at the outset that the trial court's order, and the issue appealed to this court, concerns the amount representing attorney's fees that is to be included in the damages calculation and from which the Fund's payment will be determined-a payment that will be made in total to the Estate-rather than the focus of the majority opinion, which is on the "fair amount" of attorney's fees the Estate has paid or will pay. The question of the amount that should be paid to the Estate's attorneys in fees will be determined at a later point by the probate court and is only peripherally involved in resolving the issue before us. Nonetheless, I do discuss that calculation because it is necessary for purposes of both explaining my position with regard to the issue properly before us and providing direction to the parties and the courts in further proceedings.
The Estate's claim alleges Cochran's wrongful death was caused by medical malpractice. The case therefore implicates provisions from both the AWDS and *996 the Medical Malpractice Act. Specifically, the AWDS provides that damages:
(2) may not include:
(A) damages awarded for a person's grief; or
(B) punitive damages; and
(3) may include but are not limited to the following:
(A) Reasonable medical, hospital, funeral, and burial expenses necessitated by the wrongful act or omission that caused the adult person's death.
(B) Loss of the adult person's love and companionship.
Ind.Code § 34-23-1-2(c). The Medical Malpractice Act provides that "[when a plaintiff is represented by an attorney in the prosecution of the plaintiff's claim, the plaintiffs attorney's fees from any award made from the patient's compensation fund may not exceed fifteen percent (15%) of any recovery from the fund." Ind.Code § 34-18-18-1.
In a trilogy of cases decided June 29, 2011, our supreme court held that the "may include but are not limited to" language in the AWDS-"a standard expression designating the permissive inclusion of an open-ended class of items not to be limited by designation of specific items that follow," McCabe, 949 N.E.2d at 820-allows recovery of litigation expenses, Hematology-Oncology of Indiana, P.C. v. Fruits, 950 N.E.2d 294, 296 (Ind.2011); expenses of administration and loss of services, Brown, 949 N.E.2d at 823; and, most relevant to this decision, attorney's fees, McCabe, 949 N.E.2d at 821. McCabe was a case brought in medical malpractice, but the court specifically did not consider the implication of its holding in relation to section 34-18-18-1, noting that the issue of whether attorney's fees and expenses could be recovered from the Fund was "not within the seope of the order certified for interlocutory appeal." Id. at 821 n. 8.
It is in this context, with the contours of the interplay between the relevant statutes and the McCabe decision still unexplored, that the Estate brought this action in August 2011. All elements of the Estate's claim for damages were settled in short order but for the element of attorney's fees. As the majority notes, the statutes relevant to resolution of the attorney's fee issue "collide." Op. at 992. The fifteen percent limitation on the payment of attorney's fees out of the Fund appears in the Medical Malpractice Act, and in a case that arises strictly under the Medical Malpractice Act-that is, in a case in which medical negligence does not result in death-attorney's fees are not an element of damages, and are therefore figured on and paid out of the recovery for all the other elements of damage. There is no such limitation in the AWDS, and in a case that arises strictly under the AWDS-that is, in an ordinary, non-medical negligence case-the amount of attorney's fees that can be assessed as an element of damages is not limited.[10] The conundrum in this case is how to fit a round peg into a square hole: in a case that arises under both the AWDS and the Act, how are attorney fees to be handled?
Several considerations factor into my resolution of this question. First, following the McCabe trilogy of cases in 2011, the legislature has not amended the AWDS with respect to what may or may not be recovered as damages. See Common Council of Mich. City v. Bd. of Zoning Appeals of Mich. City, 881 N.E.2d 1012, 1016 (Ind.Ct.App.2008) (noting that *997 legislative inaction following judicial interpretation of a statute, particularly by our supreme court, "may be understood to signify the General Assembly's acquiescence and agreement with the judicial interpretation."). If the legislature did not intend attorney's fees to be within the damages permitted by the AWDS as interpreted by our supreme court, it could have amended the statute to so state. Moreover, if the legislature intended attorney's fees to be an element of damages under the AWDS but also intended for them to be limited, it would be simple to amend the statute to provide a cap. The majority opines it "seems apparent" the legislature did not contemplate that attorney's fees would someday be recognized as AWDS damages when it imposed the fifteen percent limitation in 1998, see op. at 992-98, but the legislature has not acted to mitigate the McCabe decision, and that is a relevant consideration in ascertaining legislative intent. *
Second, the Act contains a chapter concerning "Limits on Damages," Ind.Code § 34-18-14-1 et seq., and a separate chapter concerning "Attorney Fees," Ind.Code § 34-18-18-1 et seq. The fifteen percent limitation, appearing in chapter 18 alongside a provision that the patient can elect to pay his or her attorney on a per diem basis, is relevant to the contract between the patient and attorney for how the attorney is paid. If it was intended to be a limit on the amount of damages that could be assessed, it would more suitably be found in chapter 14. Attorney's fees are not addressed in the "Limits on Damages" chapter, however, and again, this has not been amended since the McCabe cases.
Third, it is as important to note what a statute does not say as to note what it does say. See Boling v. State, 982 N.E.2d 1055, 1058 (Ind.Ct.App.2013). In this case, Indiana Code section 34-18-18-1 does not say the attorney's fees themselves are capped at fifteen percent; it says the attorney's fees paid out of the Fund recovery are capped. Fourth, as the parties explained at oral argument, the probate court must approve the distribution of any payment from the Fund. See Ind.Code § 34-18-15-3.
And fifth, the procedural posture of this case has complicated the issue and must be recognized as unique to this case of first impression. The unfortunate consequence of the parties reaching a partial settlement is that attorney's fees were set apart in this case in a way that will presumably not be true in future cases, and makes them appear to be something they are not.[11] In this regard, I note that although the Fund concedes it is "liable for attorney's fees" in this case, that is actually a misnomer. The Fund is liable to pay excess damages, of which attorney's fees may be an element. In future cases in which attorney's fees are included on the front end of the calculation rather than the back end, it will be more easily apparent that the Fund is simply contributing to the damages as a whole rather than seeming to contribute to any individual element of the damages.
I also note that the way in which the Estate has presented its attorney's fees has further complicated the issue, because the Estate's attorneys took $74,800.40 as a *998 fee from the Estate's original settlement with the providers, which represented forty percent of the present value of that settlement in accordance with the fee agreement, but then presented to the trial court for purposes of determining the excess damages claim against the Fund an affidavit averring they had expended 126.1 hours at a rate of $400 per hour on this case, for a total fee of $50,400. Nonetheless, I do not think, as the majority states, that the Estate's counsel is presenting a claim for attorney's fees "both as a part of the damages and also as a separate amount recoverable from the Fund...." Op. at 993; see also id. at 994 ("The record and statements at oral argument indicate the Estate paid attorney fees of $74,800.40. The Estate represented at oral argument that the additional $50,440.00, which the trial court designated as attorney fees to be included in the Fund recovery, would go back to the Estate. ..."). The $50,440 figure is not an additional attorney's fee; it is the attorney's fee for purposes of calculating damages. The Estate is simply presenting the attorney's fee damages claim separately from the remainder of the damages because of the parties' disagreement about how the fees were to be handled.
Taking these considerations into account, and giving effect to the relevant provisions of both the Medical Malpractice Act and the AWDS, I would hold that in cases subject to both the Medical Malpractice Act and the AWDS, attorney's fees as an element of damages are to be included in the overall calculation of damages at the outset pursuant to the provisions of the AWDS and are not limited by the fifteen percent limitation of the Medical Malpractice Act. The attorney's fee included as an element of damages is to be a reasonable fee, and I note that here, as in Fruits, that fee was determined by calculating the hours expended times an hourly rate. See Appellant's App. at 29 (affidavit showing 126.1 hours in attorney time at $400.00 per hour, for an attorney's fee of $50,440.00 as requested by the Estate); Fruits, 950 N.E.2d at 296 (stating attorney's verified petition for attorney's fees showed 855.3 hours at $250.00 per hour supporting a total attorney's fee of $88,825). The Fund's liability for excess damages is to be determined based upon that overall caleu-lation of damages minus the provider payment. The majority, in stating that "the 15% limitation does not apply to the assessment of damages caused by the tort-feasor or the calculation of excess damages of any type from the Fund," op. at 990, would seem to agree with this position. I would also hold the actual attorney's fee payable from the excess damages recovery from the Fund is limited by section 34-18-18-1 of the Medical Malpractice Act to fifteen percent of that excess payment. Again, if I understand the majority opinion's reference to "an amount properly recoverable from the Fund in light of the statutory limitation," id. at 992, the majority may be in accord. Finally, the total fee payable to the attorney is governed by the terms of the fee agreement between the attorney and client, subject to the above limitation.
Where I undoubtedly part ways from the majority is with regard to what this case ultimately asks us to decide and what that decision means in practice. The majority notes on two occasions that the partial settlement of $351,166.89 does not include attorney's fees. See op. at 993 (noting the partial settlement that gave rise to the Fund's obligation to pay excess damages "explicitly excluded attorney fees from its calculation of damages") (emphasis added); id. at 995 (noting the facts before us include "an agreement regarding the Fund's liability that purported to include no attorney fees as dam *999 ages"). This seems to miss the very point that the partial settlement was partial specifically because the parties could not agree on how to handle the inclusion or exclusion of attorney's fees and agreed to set that issue aside for separate determination. See Br. of Appellant at 5-6 ("The [Fund] initially disputed whether it was responsible for the payment of attorney fees at all under the AWDS, or in the amount sought by the Estate; therefore, the [parties] agreed to partially resolve the claim by payment of those damages expressly recoverable under the AWDS, and to leave open the issue of the recovery of attorney fees pending independent appellate review.").
The issue before us is simply and solely the total amount of the Fund's excess damages liability. That is the issue the trial court addressed:
CONCLUSIONS OF LAW
* ock ik
2. ... In a claim against the Fund for excess damages, pursuant to I.C. 34-18-15-8(5), when all of these recoverable damages [including attorney's fees] are added up, the amount over and above $250,000.00 is payable by the Fund as excess compensation.
83. ... On its face, 1.C. 34-18-18-1 does not limit the amount of pecuniary damages caused by the tortfeasor, in-eluding attorney's fees, for purposes of determining excess damages payable by the Fund. It merely addresses the amount an attorney representing a claimant may charge a client from a recovery from the Fund, whether that amount represents excess damages comprised of loss of love and companionship, funeral and burial expenses, medical expenses, litigation expenses, and/or attorney's fees. I.C. 34-18-18-1 does not state that for any amount awarded from the Fund, only 15% of that amount may represent attorney's fees....
4. Therefore, $50,440.00 is properly assessable as wrongful death damages caused by the tortfeasor over and above the underlying tortfeasor's liability limit, and is therefore payable as exeess compensation by the Fund.
to ooh ook
jue
JUDGMENT ENTRY
IT IS THEREFORE ORDERED, ADJUDGED & DECREED that an additional judgment shall be entered in favor of [the Estate] and against [the Fund], in the sum of Fifty Thousand Four Hundred and Forty Dollars ($50,-440.00). ...
Appellant's App. at 47-48 (emphasis in original). I agree with the trial court that the amount of the Fund's excess damages liability is the $101,166.89 already agreed to, representing loss of love and companionship, funeral and burial expenses, medical expenses, and litigation expenses, plus $50,440.00, representing a reasonable attorney's fee, for a total excess damages liability of $151,606.89, payable to the Estate. I would therefore affirm the trial court's judgment assessing an additional $50,440.00 in reasonable attorney's fees as AWDS damages to the Estate, and the Fund would pay a total of $151,606.89 in excess damages to the Estate.
I also part ways with the majority as to its ultimate disposition of this case. As the trial court noted, there is a difference between the amount of attorney's fees included as an element of the claimant's damages, and therefore includable as an element of the excess damages payment, and the amount of attorney's fees the claimant pays to his or her attorney. We are concerned here only with the former. The latter will be addressed by the probate court when it approves the distribution of the excess damages payment. *1000 Accordingly, the trial court's order only assesses an additional excess compensation amount for damages representing attorney's fees in favor of the Estate and against the Fund, which in future cases will simply be included in the original, and presumably only, excess damages award. The trial court's order does not, nor should it, address the amount to be paid to the Estate's attorneys. I do not believe we should address that, either.
For purposes of further explaining my position on how the statutes interact with each other, however, I state again that when determining how much of the excess damages payment may be distributed to the Estate's attorneys, the probate court should take into account the Medical Malpractice Act's fifteen percent limitation. In other words, when the time comes to distribute the Fund payment-which is not now-the probate court could not approve distribution of more than $22,741.08 of the Fund's payment to the Estate's attorneys ($151,606.89 x .15 = $22,741.03). Any fee balance remaining due to the attorneys pursuant to the fee agreement would have to be paid out of the earlier provider payment to the Estate.[12]
I neither understand what the majority purports to calculate at the conclusion of the opinion, nor do I believe the majority's disposition is consistent with its earlier statements or provides any guidance to the trial court on remand.
For the foregoing reasons, I dissent.

. The amount of attorney's fees that can be charged and collected is, of course, limited by the Rules of Professional Conduct to a reasonable fee. See Ind. Professional Conduct Rule 1.5(a).

. Because the issue of attorney's fees has been specifically set aside, it appears at first blush as though the Fund would be paying the entirety of the fees. See Tr. at 19 (counsel for the Fund arguing to the trial court (as she did to this court at oral argument) that ordering the Fund to pay an additional $50,440.00 means that thirty three percent of the Fund's payment is attributable to attorney's fees). If attorney's fees are included as an element of damages in the overall damages calculation, however, it would be impossible to parse which entity is paying what amount of which element.

. The fee agreement between the Estate and Gray Robinson provides for a forty percent fee, which would be $160,642.76 on the recovery herein, and Gray Robinson has already been paid $74,800.40 out of the provider payment, both of which amounts are greater than the $50,440.00 in "reasonable attorney's fees" verified to the trial court. See also Fruits, 950 N.E.2d at 296-97 (petition for attorney's fees showed fee at an hourly rate of $88,825.00; "settlement recap" showed plaintiff agreed to $91,659.20, or forty percent of gross recovery pursuant to contingent fee agreement, being distributed as attorney's fees). Like the majority, see op. at 994 n. 8, I am troubled by the disparity, but the actual attorney's fee due is not before us, and I would leave for another day the issue of whether it is proper for an attorney to collect more in fees pursuant to a contingent fee arrangement than is calculated to be a "reasonable attorney's fee" for purposes of assessing damages. Moreover, as the majority notes, the Estate's attorneys indicated at oral argument that they do not in fact intend to claim any additional attorney's fees over and above the $74,800.00 they have already been paid.